[Civ. No. 1018.  Second Appellate District.—February 26, 1912.]

HELEN MAY RICH, Executrix of the Estate of C. L. RICH, Deceased, Respondent, v. THE EDISON ELECTRIC COMPANY, a Corporation, Appellant.

CORPORATIONS—TREATMENT OF PERSON INJURED WITHOUT OBLIGATION FOR INJURY—LIABILITY FOR HOSPITAL CHARGES—OSTENSIBLE AUTHORITY OF AGENTS.—A corporation is liable for hospital charges for the care of a person injured through instrumentalities used by it, although no legal or moral obligation may rest upon the corporation to care for him, where officers and agents of the corporation, with ostensible authority, directed the hospital authorities to take

charge of such person, and to continue the service. One who was assistant to the general manager of the corporation, with authority to look after its interests in his absence, had ostensible authority, in the absence of the manager, to contract, in an emergency, for such hospital service, and its chief surgeon had such authority to direct its continuance.

ID.—RULE AS TO POWER OF SUBORDINATE EMPLOYEES TO CONTRACT FOR CARE OF PERSONS INJURED.—As a rule, even subordinate employees of a corporation, who under ordinary circumstances have no power to bind the corporation by contract, possess power, where an urgent necessity exists for immediate employment, by reason of injuries incident to the operations of the corporation, to employ medical help to alleviate the condition of persons so injured.

ID.—RIGHT OF OWNER OF HOSPITAL TO ASSUME THAT POWER OF AS-SUMED AGENTS EXISTED—KNOWLEDGE OF MANAGER—PRESUMPTION. The plaintiff, as the owner of the hospital, had the right to assume that persons representing the heads of departments of the corporation defendant possessed the authority which they represented; and where it appears that the general manager of the corporation had knowledge of the conditions and took no action personally, his acquiescence and that of the corporation must be presumed.

ID.—SURGICAL SERVICES NOT CONTRACTED FOR—NONLIABILITY OF CORPO-RATION.—Where surgical services were rendered in the hospital before any instructions in that behalf were given by any officers of the corporation, and there is nothing in the record to disclose that any legal liability existed against the corporation otherwise, to pay for such surgical services by reason of any negligence on its part causing the injury, the corporation is not liable for such surgical services, though necessary to save the life of the person injured. For aught that appears, the surgical services were voluntarily performed, and the defendant owed no legal duty to pay therefor.

ID.—SETTLEMENT OF ACTION BY PERSON INJURED AGAINST CORPORATION —LEGAL LIABILITY NOT ESTABLISHED.—The mere settlement of an action brought against the corporation defendant by the person injured, by the payment of a specific sum to secure its dismissal, does not of itself establish the matters involved in the question of legal liability. It may be, and often is, the case that actions of this character are settled and dismissed where no liability exists, other considerations entering into the transaction.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge.

The facts are stated in the opinion of the court.

H. H. Trowbridge, for Appellant.

Williams & Rutan, for Respondent.

ALLEN, P. J.—There is evidence in the record tending to show the following facts: On the 26th of September, 1908, one E. H. Lapier received serious injuries at a water plant belonging to the Fullerton Domestic Water Company, of which company he was an employee; that the injury was occasioned by coming in contact with certain electric wires supplying electric current to the pumping plant, which wires were the property of the defendant, and were under the control of one Boone, an employee of defendant. Upon the occurrence of the injury Boone called plaintiff to the scene, and upon plaintiff's arrival Lapier was immediately taken to a hospital at Fullerton owned by plaintiff, and plaintiff, a skillful surgeon, immediately proceeded, with the assistance of other surgeons, to amputate a leg and to perform other operations necessary for the preservation of the life of Lapier. About the time these operations were concluded, nothing remaining to be done except to apply some dressings, one Dr. Stinchfield, acting at the time as or for the chief surgeon of defendant, arrived upon the scene, made a cursory examination of the injured man's condition, recommended that certain things be done, and directed the hospital authorities to give the patient every possible care. This was done at great expense and trouble to the hospital authorities, the services for which were reasonably worth $397, $70 of which was subsequently paid by check forwarded by A. L. Selig, assistant to the president and general manager of defendant, in the letter inclosing which check was a statement by said Selig that the payment was on account of the Edison Electric Company. Within a day or two after the injury to Lapier, Selig had told the hospital authorities to take every care of the patient and that defendant would see to their compensation. The surgical services in connection with the amputation, and which were rendered before the representative of the general manager or chief surgeon of defendant arrived upon the scene, were necessary for the preservation of the life of the patient, and were well worth $1,000. Plaintiff, after a refusal upon the part of defendant to pay the bill, brought this action to recover the sum of $1,400, including the surgical services and the hospital charges. The case was tried by a jury and a verdict returned against defendant

for $827.    From the judgment rendered thereon the defend-
ant appeals under the alternative method and presents a tran-
script of all of the testimony offered or received, together with
all rulings and instructions had during the progress of the
trial.

There is evidence in the record ample in support of the ver-
dict as to the hospital charges.    It matters not whether any
legal or moral obligation rested upon defendant to care for this
injured man; it is sufficient that his injury was occasioned
through instrumentalities employed by the defendant, and that
officers and agents of defendant with ostensible authority di-
rected the hospital authorities to continue the service.    The
evidence is undisputed that a medical department of defend-
ant, under the charge of Stinchfield, was maintained by au-
thority of the corporation for the purpose of looking after
persons who were injured on the system, and that the chief
surgeon had been authorized to make arrangements for their
care in outside towns when injuries occurred.    In addition to
this, Selig was assistant to the president of the company, who
was also its general manager, with authority to look after the
interests of the company where special attention could not be
given by the general manager at the time, and it must follow
that where he acted in the line of his employment, he was the
representative of the general manager, and in an emergency
of the kind here presented possessed the authority in behalf
of the company to look after this injured man, even though
technically no liability attached to the company on account of
the injury.    The rule, to our mind, is well established that
even subordinate employees of a corporation, who under ordi-
nary circumstances are not empowered to bind the corporation
by contract, nevertheless possess power, where an urgent neces-
sity exists for immediate employment by reason of injuries
incident to the operations of the corporation, to employ medical
help to alleviate the condition of persons so injured; and we
are of opinion that the plaintiff in this case had the right to
assume that these representatives of the heads of their respec-
tive departments possessed the authority which they assumed,
and it appearing that the general manager of the company had
knowledge of the conditions, and took no action personally in
the premises, his acquiescence and that of the corporation must
be presumed.

A different question, however, is presented as to the surgical services performed before any instructions were given by the officers of the corporation. It may be true that had the record disclosed the fact that the injury to Lapier was occasioned through the negligence of the defendant company, from which would arise a legal obligation imposed by law (Civ. Code, sec. 1714), and surgical services were rendered to save the life of an injured one, thereby lessening the damages which would thereafter result to the corporation in the event of the death, the corporation would not be heard to say that such services rendered for its benefit were unauthorized, and thus avoid payment. But an examination of the record in this case fails to disclose that any legal liability existed on the part of defendant corporation by reason of this injury. It is true that a stipulation is found in the record to the effect that the injured man brought suit against the company, and that subsequently the same was settled and dismissed through the payment of $4,500. The mere settlement of an action for damages brought against a defendant does not of itself establish the matters involved in the question of legal liability. It may be, and often is, the case that actions of this character are settled and dismissed where no liability exists, other considerations entering into the transaction. We think that if the negligence of defendant occasioned the injury in this case, it should have been established, in order that it be made to appear that plaintiff performed a duty devolving by law upon defendant and for which, in equity and good conscience, he should be compensated. For aught that appears in this record, the surgical services were voluntarily performed and no legal duty rested upon defendant corporation to compensate plaintiff therefor. The verdict in this case, under the evidence, then, being much in excess of what we regard as a proper verdict, and which of necessity must have included a portion of the services rendered voluntarily should be reversed.

Judgment reversed and cause remanded for a new trial.

James, J., and Shaw, J., concurred.