THE STATE OF NEW JERSEY, BY LEWIS T. BRYANT, COMMISSIONER OF LABOR, PLAINTIFF, v. JAMES O. LINDSAY ET AL., DEFENDANTS.

Argued February 18, 1920—Decided June 5, 1920.

1. Trial at the bar of the Supreme Court of this state obtains only pursuant to a special rule of court, and where the amount or value involved is over $3,000. This limitation is not affected by section 22 of the Practice act of 1912.
2. The act of 1918 (*Pamph. L.*, *p.* 742), as amended by chapter 101 of the laws of 1919 (*Pamph. L.*, *p.* 249), is a taxing act, and as such obnoxious to the fourteenth amendment of the federal constitution, and therefore invalid.

---

On facts stipulated pursuant to section 22 of the Practice act of 1912.

Before Justices SWAYZE and PARKER.

For the plaintiff, *Thomas F. McCran,* attorney-general, and *Grover C. Richman,* second assistant attorney-general.

For the defendant, *J. Edward Ashmead.*

The opinion of the court was delivered by

PARKER, J. This case comes before us on the pleadings and an agreed statement of facts apparently in pursuance of section 22 of the Practice act of 1912. *Pamph. L.*, *p.* 377. If we are correct in this assumption, the question suggests it-

self whether the trial is properly brought on at the bar of this court without the parties having obtained a rule for that purpose. Trials at bar appear to have been had mainly, if not entirely, in local actions (*Pat. L., p.* 393; *Elm. Dig.* 539; Practice act of 1903, section 201; *Pamph. L., p.* 537), and then only when the amount or value involved was $3,000 or over. *Ibid.* The court seems to have considered applications for trial at bar in transitory actions where a similar amount was involved (*State Bank* v. *Evans,* 14 *N. J. L.* 298) ; but whether the action be local or transitory, the rule seems to be clear that trial must be had at *nisi prius* unless there is a special order of the court for trial at bar and that will be made only when the amount involved is at least $3,000, a condition which does not exist in this case. Section 22 of the Practice act of 1912 does not appear to affect this rule; on the contrary, its provision that the parties may agree upon the judge who shall hear and determine the case would seem to indicate a trial other than at the bar of the court. However, as the case was argued before us without this point being raised by counsel or suggested by the court, we proceed to a determination of the cause, although not as a precedent for similar cases in the future.

The action is brought under chapter 203 of the laws of 1918, *Pamph. L., p.* 742, as amended by chapter 101 of the laws of 1919. *Pamph. L., p.* 249. This legislation is intended to affect the liability of employers as previously regulated by the Workmen's Compensation act of 1911, but is neither an amendment nor a supplement to that act. Its title is "An act providing for a payment to the state by an employer operating under section 2 of an act entitled 'An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation regulating a procedure for the determination of liability and compensation thereunder,' approved April 4th, one thousand nine hundred and eleven, upon the death without dependents, of an employe as a result of an injury received in the course of his employment," and it requires that in cases where an

employe dies as a result of an accident arising out of and in the course of his employment and leaving no dependents entitled to compensation under the provisions of the Workmen's Compensation act and the dependents, if there had been any, would have been entitled to compensation under the said act, then the employer of such person must pay the commissioner of labor the sum of $400 which the commissioner is to turn over to the state treasurer; and that all moneys collected under this act shall be used exclusively for the purpose mentioned in another act of 1918, page 429 of the pamphlet laws of that year, which is the act relating to what is called the Workmen's Compensation Bureau. There is a provision that the commissioner of labor may sue in the name of the state for this payment of $400 wherever the proper conditions exist, calling for its payment, and this action is brought to recover such sum in a case where it is alleged on the part of the plaintiff and admitted by the defendants that the conditions do exist, viz., that a certain employe of defendants was fatally injured in the course of his employment by an accident arising out of the same, and that he left no dependents, and that if he had they would have been entitled to compensation.

It will, therefore, be seen that the legislation in question amounts to this: that whereas, under the Workmen's Compensation act, the liability of an employer in the case of an employe leaving no dependents was limited to "expenses of last sickness and burial, the cost of burial, however, not to exceed $100" (see *Pamph. L.* 1913, *p.* 306), the amended act now under consideration requires the employer to pay in addition to this the sum of $400, not for any expense connected with the injury, the sickness or the burial of the deceased employe, but to the state commissioner of labor as a functionary designated to receive the money and to apply it as part of a fund to pay the expenses of conducting the State Labor Bureau, another state agency. It is true that the State Labor Bureau is an agency expressly devoted to the investigation and settlement of questions arising under the Workmen's Compensation act, but, for that matter, so is the Court of Common Pleas, at least in part, and the infirmity of this legislation,

which is strongly urged upon us by the defendants' counsel, will appear somewhat more plainly if we consider that the act might as well have prescribed that the $400 should in each case be turned into the state or county treasury to be used in helping to defray the salaries of the various judges of the Courts of Common Pleas. It seems quite obvious that this is nothing more nor less than a tax imposed for the purpose of supporting the expense of a state agency. The act as we have said, does not pretend to be either a supplement or an amendment of the Workmen's Compensation act; it is separate and distinct. Consequently, it cannot be supported upon the theory of a contract between employer and employe conclusively presumed because of the absence of dissent pursuant to the statutory procedure outlined in the compensation act. The real question is whether the state can, in view of the fourteenth amendment to the federal constitution, constitutionally tax as a class all employers who employ workmen having no dependents who would be entitled to compensation in case of fatal accident. Such a tax has manifestly no relation to the police power; it is plainly not a property tax, and when we consider that it is restricted not merely to employers generally who have in their employ workmen with no dependents entitled to claim, but employers of that character who are within section 2 of the compensation act, we reach a tenuity of classification that seems to us to deprive the class of any logical validity and of all substantial basis. *Southern Railway Co.* v. *Greene,* 216 *U. S.* 400. From another standpoint the act seems to be simply a taking of the property of this class of employers without any compensation therefor. They are, in effect, penalized for employing men or women who are without dependents qualified to claim compensation. If we were permitted to comment upon the question of legislative policy which tends to dissuade an employer conducting a hazardous occupation from receiving into his service a workman who, if killed in that service, would not leave a widow and infant children destitute of support, it would be apposite to remark that this is the precise opposite of the policy of the United States in the selective service

draft. But looking at the matter in its purely legal aspect we are clear that it is an attempted exercise of the power of taxation which runs counter to our constitutional system, both national and state, and that it cannot be supported on that theory or on any other that has been suggested. The result is that there must be a judgment for the defendant.