[Sac. No. 3378. In Bank.—June 15, 1923.]

## THE PEOPLE, Appellant, v. YOSEMITE LUMBER COMPANY (a Corporation), Respondent.

[1] WORKMEN'S COMPENSATION ACT OF 1919 (STATS. 1919, P. 273)— DEATH OF EMPLOYEES WITHOUT DEPENDENTS—PAYMENT TO STATE —UNCONSTITUTIONALITY OF SECTIONS 5 AND 6 OF ACT.—Sections 5 and 6 of the act of the legislature of 1919 (Stats. 1919, p. 273), in so far as they attempt to invest the Industrial Accident Commission with jurisdiction to create or enforce a liability on the part of employers to compensate the workmen of other employers, or dependents of such workmen, or to require the employers of workmen killed during the course of their employment, but leaving no surviving dependents, to pay into the state treasury the sum provided in said act for the rehabilitation and re-education of persons injured in the service of other employers than those upon whom the liability to make said payment is by said act imposed, are unconstitutional and void.

[2] ID.—TAXATION—NATURE OF ACT OF 1919.—The act of the legislature of 1919 (Stats. 1919, p. 273), in requiring employers to pay into the state treasury a stated sum for each fatal compensable injury suffered by any of their employees who do not leave surviving dependents entitled to death benefits under the provisions of the Workmen's Compensation Act, and in providing that the moneys, when so paid into the state treasury, are to be placed

---

1. Constitutionality of workmen's compensation and industrial insurance statute within meaning of workmen's compensation acts, notes, Ann. Cas. 1912B, 174; Ann. Cas. 1915A, 247; Ann. Cas. 1916B, 1286; Ann. Cas. 1917E, 401, 839; Ann. Cas. 1918B, 611; 20 A. L. R. 1001; 34 L. R. A. (N. S.) 162; 37 L. R. A. (N. S.) 466; L. R. A. 1916A, 409; L. R. A. 1917D, 51.

in a special fund and are to be used for the benefit of those who have been disabled in industry, is a tax measure.

[3] Id.—Tax Measure—Uniformity—Requirement of.—A tax measure imposing a tax for revenue must, in order to be valid, lay its burdens uniformly upon all those who come within a proper classification of the persons to be subjected to the burden of the particular tax.

[4] Id.—Uniformity of Act of 1919—Absence of Reasonable Basis for Classification.—When the act of the legislature of 1919 (Stats. 1919, p. 273) is considered as a revenue measure, the classification made by said act of employers of workmen killed in the course of their employment leaving no surviving dependents, upon which employers the burden of paying the sum provided by said act is placed, is not supported by a reasonable basis in the occasional and purely accidental circumstance that such employers happen to have such workmen having no dependents, killed in the course of their employment, particularly in view of other provisions of said act, by the terms of which the proceeds of the tax are to be devoted to the benefit, not of the employers required to pay the tax, nor even of their employees, but to the benefit and betterment of a class of persons bearing no relation to either, but who have been injured in other employments in the general course of industry.

[5] Id.—Validity of Act as Regulatory Measure.—The act of the legislature of 1919 (Stats. 1919, p. 273) cannot be justified as a regulatory tax measure upon the ground that one of the purposes of the act is that of preventing selfish employers from employing workmen having noncompensable dependents, in order to avoid the much larger awards of death benefits to deceased workmen leaving dependents, which are allowable under the Workmen's Compensation Act.

[6] Id.—Defect in Uniformity—Not Cured by Workmen's Compensation, Insurance and Safety Act.—The requirement of uniformity in the exactions of the act of the legislature of 1919 (Stats. 1919, p. 273), considered as a revenue measure, is not met and satisfied by the Workmen's Compensation, Insurance and Safety Act, which provides for a state compensation insurance fund to which employers by the payment of a relatively small sum may have resort for protection against the liabilities imposed by these acts.

[7] Id.—Invalidity of Act of 1919 as a Whole—Intention.—The act of the legislature of 1919 (Stats. 1919, p. 273) was intended by its framers to stand or fall as a whole, and hence the elimination of sections 5 and 6 therefrom, due to their unconstitutionality, so far interfered with the purposes and operation of said act as to render it void as a whole.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, A. E. Graupner and Warren H. Pillsbury for Appellant.

Arthur W. Bolton for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in the defendant's favor in an action instituted in the name of the people of the state of California by the state controller and the Industrial Accident Commission, to recover from the defendant the sum of $350 upon an alleged liability created under the provisions of chapter 183 of the Statutes of 1919. (Stats. 1919, p. 273.) The identical facts which form the basis of this action were presented before this court in the case of *Yosemite Lumber Co. et al.* v. *Industrial Acc. Com. et al.*, 187 Cal. 774 [20 A. L. R. 994, 204 Pac. 226], with the exception that in that proceeding the Manufacturer's Indemnity Exchange, the insurance carrier of the Yosemite Lumber Company, was joined as a party with the latter, but omitted here, while in this action the state controller is united with the Industrial Accident Commission as one of the parties instituting the same. This difference in parties in interest does not, however, affect the identity of the main questions discussed in that proceeding and presented upon this appeal. The former proceeding arose out of an application for a writ of review wherein this court was asked to review and annul an order of the Industrial Accident Commission requiring the Yosemite Lumber Company to pay to the state of California the sum of $350 for the death of one John Moore, one of the employees of said corporation, who died from an injury received while in its employ and arising out of and in the course of said employment, the said John Moore leaving no dependents surviving him. The said order for said award was made under the provisions and by the authority of the act of 1919 above referred to. At the outset of its consideration of the questions involved in that case this court stated that the sole question for decision

was as to whether the said act gave to the commission jurisdiction to adjudicate the liability of the employer to the state. In deciding that question this court held that under the amendment of section 21 of article XX of the state constitution, adopted in 1918, investing the legislature with power to create a system for the enforcement of workmen's compensation through and by means of an Industrial Accident Commission, the powers of the legislature in that regard were limited thereby to the investment of the said commission with jurisdiction to create and enforce a liability on the part of employers to compensate *their* workmen and surviving dependents for injuries sustained or death incurred by such workmen in the course of their employment, and that such constitutional grant of power to the legislature did not authorize it to invest said commission with jurisdiction to create or enforce a liability on the part of employers to compensate the workmen of other employers, or dependents of such workmen, or to require the employers of workmen killed during the course of their employment, but leaving no surviving dependents, to pay into the state treasury the sum provided in said act of 1919 for the rehabilitation and re-education of persons injured in the service of other employers than those upon whom the liability to make said payment was by said act imposed; and that said act, in so far as it attempted in sections 5 and 6 thereof to invest such commission with such jurisdiction, was unconstitutional and void. After the decision of this court in that proceeding, and to that effect, became final, the present action was commenced by the state of California at the instance of the state controller and the Industrial Accident Commission in the superior court of the county of Sacramento for the purpose of collecting directly from the Yosemite Lumber Company the sum of $350 alleged to be due and payable to the state under the provisions of the act of 1919, not directly held to be void by the decision of this court in said former proceeding, but arising out of the identical facts considered therein with relation to the injury and death of John Moore while an employee of said corporation, leaving no surviving dependents. It was and is the contention of the plaintiff in instituting and maintaining this action and in taking and prosecuting this appeal that the decision of this

court in said former proceeding declaring sections 5 and 6 of said act of 1919 to be unconstitutional and void, did not have the effect of rendering nugatory the remaining sections of said act, and that under the provisions thereof not affected by said decision a liability was created for the payment by said corporation to the state of California of the sum of $350 by reason of the injury to and death of said John Moore while an employee of said corporation and in the course of his employment, leaving no surviving dependents; and that said liability was susceptible of being enforced by the state of California in this form of action.

To the complaint seeking this recovery the defendant corporation presented a demurrer upon the ground that the court had no jurisdiction of the subject matter of said action, and also upon the general ground that the said complaint did not state facts sufficient to constitute a cause of action. The defendant also presented an answer in several counts, in all of which the averments of fact in said complaint were admitted, but in which all liability on the part of the defendant arising out of said facts was expressly denied. The defendant also in certain of said counts in its said answer set forth with more of detail the facts as to the employment, injury, and death of said employee and as to his having left no surviving dependents entitled to compensation or to the benefits under the provisions of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831). Several grounds of alleged unconstitutionality of said act were specified in the defendant's said answer. The trial court sustained the defendant's demurrer and granted its motion for judgment on the pleadings; and upon the plaintiff's refusal to amend, judgment was entered in the defendant's favor. It is from such judgment that this appeal has been taken.

One of the first but not most strenuously urged contentions of the plaintiff upon this appeal is that the decision of this court in the matter of *Yosemite Lumber Co. et al.* v. *Industrial Acc. Com. et al., supra,* holding sections 5 and 6 of the act of 1919 to be unconstitutional and void, was founded in error and should be overruled. It may be suggested, incidentally, that one of the results of sustaining this contention would be to render good the defendant's ground of demurrer to the effect that the superior court

had no jurisdiction over the subject matter of this action, since by the provisions of the constitution and statutes dealing with compensable injuries to workmen, the courts, except through the limited processes of writs of review, have been deprived of jurisdiction of such matters, while the particular statute under review herein in those sections thereof, which the appellant now insist we have erroneously held to be void, invests, not the courts, but the Industrial Accident Commission, with full jurisdiction over the very matter of which the plaintiff and appellant in this action is seeking to have the superior court and this court assume jurisdiction. [1] But, however this may be, this court remains satisfied with the reasoning and conclusions of its decision in said former proceeding as to the invalidity of said sections 5 and 6 of said act of 1919 and hereby expressly approves and reaffirms the same.

The next and main contention of the appellant herein is that notwithstanding the former decision of this court holding sections 5 and 6 of said act of 1919 to be unconstitutional and void, the main body of said act was not affected by said ruling but remained in full force and effect, and, so remaining, was susceptible of enforcement through the medium of the courts and in this form of action. This contention on the part of the appellant is founded in the assertion and argument that the state of California has power independently of its express constitutional and statutory provisions relating to compensable injuries or fatalities to workmen, but under its general police powers, to provide for the rehabilitation and re-education of persons disabled in industry, by creating a fund for such purposes; and that, possessing such power, it has also the power to impose the burden of providing and maintaining such fund upon employers as a class. In making this contention the appellant, among other authorities, relies upon the following language used by this court in the case of *Yosemite Lumber Co. et al.* v. *Industrial Acc. Com. et al., supra,* wherein this court says: "It may be conceded that under its general powers the legislature might provide a fund for the benefit of persons disabled in industry in this state and commit the administration of the fund to the Industrial Accident Commission, and might also levy a tax in some form to raise such fund."

The respondent herein, however, strenuously contends that this concession may not properly or safely be made and the argument which it puts forth to sustain its contention in this regard is this; that the general or police powers of a state are only those powers which can be exercised under and in harmony with its constitution, and that when the state constitution has spoken with respect to how far its legislature may go in the enactment of laws upon a particular subject the legislature may not go beyond the limits thus prescribed by the constitution under the guise of exercising general or police powers in relation to that subject. The state constitution has spoken upon the subject of workmen's compensation and upon the extent of the liability and burden to be laid upon employers as a class for the payment of awards for injuries received by their workmen while in their employ, and that the limitations upon legislative power in that regard are to be found in section 21 of article XX of the constitution, which declares the policy and defines the powers of the state acting through its legislature upon that subject, and in so doing has delegated to the legislature the power, and the power only, "to create and enforce a liability on the part of any and all persons to compensate any and all of *their* workmen for injury or disability and for *their* death incurred or sustained by the said workmen in the course of *their* employment." It is the respondent's contention that the language of the constitution above quoted, upon the principle of *expressio unius est exclusio alterius,* places a limitation upon the power of the legislature to impose any further liability upon employers for injuries to their employees arising in the course of industry than that expressed in said section of the constitution, and hence that the legislature had no power to go beyond that limitation with respect to employers' liability under the guise of the exercise of general or police power. The respondent cites in support of this contention the language of this court used in said former proceeding wherein this court in construing the above-quoted provision of the constitution said:

"The next phrase of the new act empowers the legislature 'in that behalf to create and enforce a liability on the part of any and all persons to compensate any and all *of their workmen* for injury or disability, and their dependents for

death incurred or sustained by said workmen in the course of their employment.' This does not authorize the creation of a liability on the part of any person to compensate the workmen of other persons, nor the dependents of workmen of other persons. The phrase 'their workmen' necessarily confines the persons to be compensated to workmen who are in the employ of the person who is made liable. This is also shown by the provision that if the workman is killed by an injury in the course of his employment, the compensation is to be made to his 'dependents,' thus excluding any idea of liability in such a case to provide for the welfare of workmen in general, or of a particular class of disabled workmen, in. no way connected with the employer who was made liable for the particular injury. . . . The use in this clause of the words 'any and all persons,' in describing those made liable, and the words 'any and all of their workmen,' in describing those .to be compensated, do not show an intent to empower the legislature to enlarge the liability against a particular employer for a particular injury so as to include compensation to workmen in general as a class, or a contribution to. a fund to be applied to the benefit of a class of persons, instead of to the dependents of the workmen who may be killed in the injury. Nor is such enlarged meaning given to the section by the use of the phrase 'complete system of workmen's compensation,' in the opening clause or by the elaborate definition of that phrase which follows the first sentence. The section mentions and describes but one kind of liability: the liability of 'any and all persons' to compensate 'any or all of *their workmen.*' . . . The language of neither one of these parts of the section shows or expresses an intent to add another liability to that expressly stated. In these circumstances the maxim '*expressio unius, est exclusio alterius*' is applicable, and the meaning to be inferred is that only which is explicitly stated. And particularly it should not be inferred or implied from such language that so novel and different a thing was intended as the liability to the state which is imposed by the Act of 1919.''

The argument which the respondent predicates upon the foregoing language of this court in said former proceedings is plausible and has much persuasive force and if given full effect would not only render the act of 1919 .wholly

void, but would set a constitutional limitation upon the power of the legislature to enact any law providing a fund for the benefit of persons disabled in industry which would place the burden of its maintenance upon employers, except in so far as that liability related to their own individual employees. We do not deem it incumbent upon us by the exigencies of this case to go thus far, since we think the statute of 1919 must be held void for infirmities which will hereinafter be made to appear. Passing, therefore, this question and coming to the consideration of those provisions of the act of 1919 upon which, regardless of our former ruling, the appellant relies for its right to maintain this action, we are first led to consider the nature of the burden which said act imposes upon those who are by its terms required to pay into the state treasury the sum of money demanded of this defendant.

By the terms of section 1 of said act, employers are required to pay into the treasury of the state of California the sum of $350 for each fatal compensable injury suffered by any of their employees who do not leave surviving dependents entitled to death benefits under the provisions of the Workmen's Compensation Act. Said moneys, when so paid into the state treasury, are to be placed in a special fund to be known as "the industrial rehabilitation fund" and are to be used for the purposes set forth in section 2 of said act, which provides that said fund may be drawn upon by the Industrial Accident Commission for the promotion of vocational re-education and rehabilitation of persons disabled in industry in this state. It will thus be seen that the source of the fund to be thus accumulated in the state treasury is that of a compulsory payment of a definite sum by a certain class of persons known as employers; and that the destination of said fund is that of benefits conferred upon a certain other class of persons in this state who have been disabled in industry. That the liability thus imposed by the state upon employers is a charge upon persons or property cannot be controverted; and that the purpose to which the public fund, when thus accumulated, is to be devoted is a public purpose would seem equally impossible of denial. [2] The imposition is therefore a tax, and the statute which imposes it and provides for its collection and distribution is a tax measure within the accepted definition

of that term. It was, in fact, so expressly held to be by this court in the former proceeding wherein the following language was used:

"In so far as the act purports to exact from employers a sum to be used by the state for disabled workmen in general, it is in reality a taxing law, a revenue measure. It requires any employer to pay to the state the sum of $350, whenever one of his workmen who has no dependents is killed by an injury received in the course of his employment, and the fund thus raised is to be used for vocational re-education of workmen not connected in any way with such employer, and the surplus, if any, to go to pay the expenses of the state carrying on the department or bureau administered by the Industrial Accident Commission, all of which are public purposes. This is purely a tax. 'A tax is a charge upon persons or property to raise money for public purposes.' (*Perry* v. *Washburn*, 20 Cal. 350.) A tax 'includes every charge upon persons or property, imposed by or under the authority of the legislature, for public purposes.' (*Madera* v. *Black*, 181 Cal. 310 [184 Pac. 400]; 1 Cooley on Taxation, p. 6.)"

The act of 1919 having been thus determined to be a tax measure it must, in order to be valid, be found to conform to the essential purposes governing taxation. Chief among these essential purposes is that of uniformity. **[3]** A tax measure imposing a tax for revenue must, in order to be valid, lay its burdens uniformly upon all those who come within a proper classification of the persons to be subjected to the burden of the particular tax. (1 Cooley on Taxation, 3d ed., p. 4; *Kansas City* v. *Whipple*, 136 Mo. 475 [58 Am. St. Rep. 657, 35 L. R. A. 747, 38 S. W. 295].) The class of persons to be subjected to the tax in question are employers. The law, considered as a revenue measure, must, in order to be valid, bear uniformly, either upon all employers in this state or upon some portion of them who may be found to come reasonably within a narrower classification. The act of 1919, considered as such a tax measure, attempts to make such narrower classification by confining the application of its burden to those employers only whose workmen killed in the course of employment leave no surviving dependents. **[4]** Such a classification, in order to be valid, must have some reasonable basis for this differen-

tiation. The only basis which is or can be urged in its support consists in the occasional and purely accidental circumstance· that such employers happen to have such workmen having no dependents, killed in the course of their employment. It should require neither argument nor authority to show that such a purely adventitious condition could form no reasonable basis for the classification attempted by this act, particularly in view of the other provisions thereof, by the terms of which the proceeds of this· tax are to be devoted to the benefit, not of the employers required to pay the tax, nor even of their employees, but to the benefit and betterment of a class of persons bearing no relation to either, but who have been injured in other employments in the general course of industry. [5] The appellant contends that the act in question, though conceded to be a tax measure, is to be regarded as levying such tax for regulation and not for revenue and hence not to come within the rule requiring uniformity. This contention is sought to be supported by the argument that one of the purposes of the act is that of preventing selfish employers from employing workmen having noncompensable dependents, in order to avoid the much larger awards of death benefits to deceased workmen leaving dependents, which are allowable under the provisions of the Workmen's Compensation Act. The difference in amount between the particular charge imposed by the act in question and the very much larger awards to those workmen who leave surviving dependents, allowable under the Workmen's Compensation Act, should suffice of itself to reduce this argument to a degree of refinement which leaves it with no persuasive force; but in addition to that it may be noted as a fact of universal acceptance that workmen who have wives and families "have given hostages to fortune" and are as a rule more careful, more dependable, and less liable to avoidable injuries than are those who have no such social or domestic ties. This reason, therefore, utterly fails for dealing with this imposition as a regulatory tax. [6] The appellant further contends that the requirement of uniformity in the exactions of this act, considered as a revenue measure, are met and satisfied by the provisions of the Workmen's Compensation, Insurance and Safety Act, which provides for a state compensation insurance fund to which employers by

the payment of a relatively small sum may have resort for protection against the liabilities imposed by these acts. We are unable to perceive how this permitted recourse for the employer, while it might lessen the amount of his burden, could be effectual to relieve the law of its defect of lack of uniformity, treated as a revenue tax measure. The case of *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686 [151 Pac. 398], from the concurring opinion of Mr. Justice Shaw, of which the appellant quotes certain passages, was not dealing with the question of taxation, but solely with the power of the legislature in enacting a workmen's compensation law to create discriminations based upon certain well-defined classifications of employments. Neither do we regard the case of *State* v. *Clausen,* 65 Wash. 156 [37 L. R. A. (N. S.) 466, 117 Pac. 1101], as having any bearing upon the immediate subject under discussion, since in that case the charge imposed upon employers in extrahazardous occupations was based upon a well-defined distinction and classification and was supported for that reason. We are unable to perceive any material distinction, either in fact or in principle, between the case at bar and the case of *Bryant* v. *Lindsay,* 94 N. J. L. 357 [110 Atl. 823], where the supreme court of New Jersey, in dealing with the statute of that state almost identical with the act of 1919, after holding the imposition of the New Jersey statute to be a tax imposed for the purpose of supporting the expense of a state agency, goes on to say: "Such a tax has manifestly no relation to the police power; it is plainly not a property tax, and when we consider that it is restricted not merely to employers generally who have in their employ workmen with no dependents entitled to claim, but employers of that character who are within section 2 of the Compensation Act, we reach a tenuity of classification that seems to us to deprive the class of any logical validity and of all substantial basis. (*Southern Ry. Co.* v. *Greene,* 216 U. S. 400 [17 Ann. Cas. 1247, 54 L. Ed. 536, 30 Sup. Ct. Rep. 287, see, also, Rose's U. S. Notes].)"

The respondent herein urges yet other constitutional grounds against the validity of the act of 1919, treated as a tax measure, which we do not deem it necessary to consider. There is, however, a final reason which impels us to the conclusion that this act, considered as a whole, has been

rendered invalid by the decision of this court in the former proceeding which eliminated from its provisions sections 5 and 6 thereof. The act, regarded as a whole, was obviously intended by the lawmakers to be supplementary to the general Workmen's Compensation Act of this state. It refers in its title to said act. It adopts the definitions of said act as to compensable injuries, as to those entitled to death benefits and as to the basis of calculation of the total awards in such cases. It places the administration of the fund to be derived from its enforcement in the hands of the Industrial Accident Commission and it vests in said commission complete judicial power over the matter of the making and collection of the award from which it provides and with full jurisdiction and authority to hear and determine all questions and controversies arising under the act, in accordance with the procedure provided for the exercise of such jurisdiction by that body in the Workmen's Compensation Act. Beyond this it is barren of any suggestion that the courts should have any jurisdiction whatever over the enforcement of its provisions. [7] This being so, we are impelled to the conclusion that the act was intended by its framers to stand or fall as a whole, and hence that the elimination of sections 5 and 6 therefrom by our former decision so far interfered with the purposes and operation of the act as to render it void as a whole.

Judgment affirmed.

Wilbur, C. J., Lennon, J., Lawlor, J., Seawell, J., Waste, J., and Myers, J., concurred.