[Crim. No. 2609. In Bank.—February 26, 1924.]

In re H. B. SMITH on Habeas Corpus.

[1] EMPLOYMENT AGENCY—ACT REGULATING FEES—UNCONSTITUTIONALITY OF.—Section 11½ of the act of the legislature approved June 18, 1923 (Stats. 1923, p. 938), limiting the fees to be charged by private employment agencies, is unconstitutional, in contravening the fifth amendment to the United States constitution and sections 1 and 13 of article I of the state constitution.

APPLICATION for a Writ of Habeas Corpus to discharge petitioner from custody on a charge of illegally operating an employment agency. Petitioner discharged.

The facts are stated in the opinion of the court.

Fredericks & Hanna and Charles W. Lyon for Petitioner.

R. Clarence Ogden and Heidelberg & Murasky, _Amici Curiae._

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy Attorney-General, and J. M. Friedlander, City Prosecutor, for Respondent.

THE COURT.—Application for writ of _habeas corpus._ The petitioner, who, on the nineteenth day of August, 1923, was engaged in the business of conducting an employment agency in the city of Los Angeles, is restrained of his liberty by the chief of police of said city of Los Angeles by virtue of a warrant of arrest issued upon a

_____

1. On constitutionality of statute forbidding taking of fee for securing employment for another, notes, 129 Am. St. Rep. 282; 5 Ann. Cas. 325; Ann. Cas. 1914B, 738; Ann. Cas. 1917D, 684, 984; L. R. A. 1917B, 1280.

criminal complaint charging him with the violation of that portion of section 11½ of an amendatory act of the legislature approved June 18, 1923 (Stats. 1923, p. 938), which provides as follows:

". . . In all other employment, which classification shall include also semi-manual employments such as those of clerks, bookkeepers, typists, stenographers, domestics, and mercantile, office, professional and semi-professional employments, the fee charged shall in no case exceed ten per centum of the wages or salary earned for the first month, the twenty-six working days, or shorter period, to be determined in the same manner as in the case of manual employments. In determining any such per centum proper allowance may be made for items of board, lodging, or other consideration or privilege, or for differences arising by reason of rating the compensation otherwise than according to the time of work or service.

"This section shall not apply to an association of teachers conducting an employment agency exclusively for the purpose of securing employment for its own members, nor to *bona fide* schools, having been established for at least three years, securing employment for its own pupils without compensation."

The offense consists in charging and collecting fees in excess of the amounts provided by said act. No violation of the act so far as it relates to applicants for employment classified as "manual" is claimed and therefore it is not necessary to reprint the portion of the act dealing with that classification.

It is admitted by respondent that the business of conducting an employment agency is lawful, useful, and beneficial to society. It is claimed, however, that the business furnishes an exceptionally fertile field for the growth of industrial abuses which it was the purpose of the legislature to prevent by the adoption of said amendatory act. It is the claim of respondent that the act is regulatory merely and operates upon a subject which properly falls within the police power of the state.

All of the main facts of the case have been stipulated to excepting the question as to whether or not the maximum fees fixed by the act before us are so low as to be prohibitory of the business rather than regulatory of said occu-

pation or business. The disputed question of fact, in view of our conclusion, becomes an immaterial issue and the only question left for determination is the constitutionality of the act.

[1] The act is assailed by petitioner on the ground that it is in contravention of the constitution of the United States, and particularly the due process clause of the fourteenth amendment thereto. Also that it contravenes the provisions of sections 1 and 13 of article I of the constitution of this state.

These objections find support in our decisions and also in the decisions of the United States supreme court. The constitutional question raised is not a new one. The legislature of 1903 adopted a statute which placed a limitation on the amount of fees that an employment agency may charge which, in legal effect, was identical with the limitation fixed by the act before us and this court, in disposing of the question, said: "The petitioner is engaged in a harmless and beneficial business. As part of his 'property' in that business are the services that he renders in obtaining employment for those seeking it. It is not compulsory upon anyone to employ him, and whoso seeks to avail himself of his services is at liberty to reject them if the terms of the contract for compensation are not satisfactory to him. This right of contract common to the followers of all legitimate vocations is an asset of the petitioner in his chosen occupation, and, as has been said, is a part of the property in the enjoyment of which he is guaranteed protection by the constitution. By the act in question he is arbitrarily stripped of this right of contract, and deprived of his property, and left, in following his vocation and in pursuit of his livelihood, circumscribed and hampered by a law not applicable to his fellowmen in other occupations. Such legislation is of the class discussed by Judge Cooley in the paragraph above quoted, 'entirely arbitrary in its character, and restricting the rights, privileges, or legal capacities' of one class of citizens 'in a manner before unknown to the law.' For such legislation, as he very justly adds, those who claim its validity should be able to show a specific authority therefor, 'instead of calling upon others to show how and where the authority is negatived.' " (*Ex*

*parte Dickey,* 144 Cal. 238 [103 Am. St. Rep. 82, 1 Ann. Cas. 428, 66 L. R. A. 928, 77 Pac. 925].)

The supreme court of the United States, in *Adkins* v. *Children's Hospital,* 261 U. S. 525 [24 A. L. R. 1238, 67 L. Ed. 785, 43 Sup. Ct. Rep. 394], made an exhaustive review of the authorities touching the right to contract about one's affairs, including the right to make contracts of employment, and held that such a right was a part of the liberty of the individual which is protected by the fifth amendment to the constitution of the United States. The question under consideration was whether Congress had the constitutional power to fix standards and minimum wages for women and children engaged in any occupation within the District of Columbia. Its conclusion was that the act in question passed the limits prescribed by the constitution and was, therefore, invalid. Surely, the reasons which may be advanced for establishing standards of minimum wages for women and children are not less potential than those which may be urged in favor of the validity of the act before us.

The same arguments made for and against the validity of the act in the instant case were made in the Adkins case and the conclusion there reached was the result of a very full and deliberate consideration of the many authorities which have been cited in the case at bar. The question being a federal one the decision of the highest court of the country on the subject is conclusive upon us even if we found ourselves without a precedent within our own jurisdiction.

Upon the authority of the cases cited, and a long list of others referred to therein, we are of the opinion that the statute in question is invalid and that the prisoner is entitled to his discharge.

Ordered that the prisoner be discharged.