[Civ. No. 7761. Second Appellate District, Division Two.—May 15, 1933.]

STATE COMPENSATION INSURANCE FUND, Respondent, v. E. F. THACKERY, Appellant.

Gibson, Dunn & Crutcher, Norman S. Sterry, Philip C. Sterry and Edward E. Bacon for Appellant.

A. H. Blum and J. L. Kearney for Respondent.

CRAIG, J.—In an action in the superior court against the defendant, an automobile driver, by the State Compensation Insurance Fund as insurance carrier of Gates & Son, an employer, for damages and for medical expenses and compensation paid by the employer to John B. Brent, an injured employee, judgment was rendered in favor of the plaintiff notwithstanding a previous settlement and release from liability between the immediate parties. The entire judgment was for $1330.44, made up of three items—medical treatment, $77.50; money paid by the insurance carrier, $252.94, and $1000 damages for the injuries sustained by Brent. The defendant appealed.

The issues as to the negligence and the expenses and compensation as found in favor of the plaintiff by the trial court are conceded. The previous acceptance of a fair and reasonable amount in full settlement and compromise of all general damages was pleaded below, and is advanced by the appellant upon the contention that it should constitute a legal bar to recovery or neutralizing credit against any judgment rendered. By section 26 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1913, chap. 176, p. 279; 1917, chap. 586, p. 831, as amended), the legislature has ordained that no release or settlement of any claim for damages by reason of such injury shall be valid "without the written consent of either both employer and employee, or one of them, together with the consent of the commission". The people of this state through amendment of article XX, section 21, of the Constitution, expressly vested in the legislature "plenary power, unlimited by any provision of this Constitution, to create and enforce a complete system of workmen's compensation", with authority to create and enforce "full provision for adequate insurance carriage against liability to pay or furnish compensation; full provision for regulating such insurance carriage in all its aspects, including the establishment of a state compensation fund; . . . and full provision for vesting power, au-

thority and jurisdiction in any administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases, expeditiously, inexpensively, and without encumbrance of any character; all of which matters are expressly declared to be the social public policy of this state, binding upon all departments of the state government. The legislature is vested with plenary powers to provide for the settlement of any disputes arising under such legislation by arbitration, or by the industrial accident commission, by the courts, or by either or all of these agencies . . . '' Neither the employer nor the Industrial Accident Commission was consulted nor did either consent to the settlement or release here involved. By its judgment the trial court awarded to the respondent in the same transaction, for the same injury, the same amount of $1,000, for which theretofore ''after full and fair negotiations between the parties it was agreed . . . that $1,000 would fully and fairly compensate the said Brent for all damages by reason of personal injuries which he had sustained''. This is construed as an invalid enactment, and as unjust, arbitrary and discriminatory and an invasion of constitutional guaranties of the liberty of contract, if construed as requiring the consent of an employee and a third party not affecting the amount which the employer may recover.

Construing the act and the constitutional provisions on which it is based, as we do, the question presented is just this: Where it is determined that the amount of damage sustained by the employee is exactly the same as the amount which the employee has received as payment for his injury and has received it from the injurer who is a stranger to the employer, simply from this relation, has the State Compensation Insurance Fund the right to compel such injurer to pay the same sum to him, making a double payment, because the settlement previously made was without the consent of the commission? Such a legal consequence would be an anomaly.

The objects of this act have been held to be insurance to the employee of a right of independent action against a negligent third person for damages arising from injuries received without the scope of employment and of a lien to

the employer for amounts expended or incurred in behalf of the employee by reason of such relation upon any judgment recovered therein. Conversely, the employer is afforded a right of action against such tort-feasor and if he recover more than the amount he has paid or become obligated to pay as compensation he shall pay the excess to the injured employee or representative. But "if either such employee or employer shall bring such action against such third person he shall forthwith notify the other in writing" and enable the other to join therein if so advised. The statute imposes a restriction that no settlement of any claim for damages by reason thereof shall be valid without the written consent of both or of one, together with the consent of the Industrial Accident Commission. But we are unable to construe these provisions to sanction double recovery upon the same right or cause of action.

This appeal is determined by the conclusion that it is not the intent of these enactments to allow a double recovery of the amount of damages which the employee has sustained under such circumstances as are shown in the record herein. This, we think, is clear. Therefore it is not necessary to pass upon the constitutionality of the law in question as if we had construed it in some other way, nor is it necessary that we decide what might be the rights of the parties if the trial court had determined that the damage sustained by the employee was more than $1,000.

To say that a release so obtained would be void is not equivalent to approval of a second demand for damages paid and satisfied, nor of the exaction of a penalty not justified by the wording of the statute construed. The decision below to the effect that the respondent by the relationship and incidents of the transaction became subrogated to the rights of the employer and was authorized to enforce a legitimate claim in its own name, and that the injured party sustained damages in the sum of $1,000 from an injury proximately caused by the negligence of the appellant, is in harmony with the statute and with the conclusion of the employee and the tort-feasor, fairly arrived at between them after full and fair negotiations. Neither upon the facts presented nor from any contention of the parties does it appear essential that cited authorities dealing with dishonest transactions be considered here pertinent. We

agree that a "release" forbidden by law and held worthless for any purpose may not be pleaded in bar of existing rights nor specifically enforced; "and where the contract is illegal and against the public policy the courts will refuse to· enforce it and will leave the parties where it finds them, regardless of the fact that one of them may be retaining benefits thereunder. . . . A contract that is unlawful as being against the express provisions or general policy of any particular statute is void and will not be enforced by the courts." (*Pacific Elec. Ry. Co.* v. *Bonding Ins. Co.*, 55 Cal. App. 704 [204 Pac. 262, 263].) But the instant case raises no issue other than whether or not the admitted fact of payment absolved appellant from the obligation to compensate for the injuries sustained.

It would lead to the height of absurdity to accredit to the legislature an intention without definite express provision therefor to create a cause of action for physical injury once fully paid and satisfied and without restoration of the tort-feasor to *status quo,* solely upon noncompliance with the letter of a statute with relation to the legal representative of the plaintiff in interest. "A construction or conclusion plainly not contemplated by the legislature should not be given to a statute if it can be avoided. When a statute is fairly susceptible of two constructions, one leading inevitably to mischief or absurdity and the other consisting of sound sense and wise policy, the former should be rejected and the latter adopted." (*In re Haines,* 195 Cal. 613 [234 Pac. 883, 886]; *In re Mitchell,* 120 Cal. 384 [52 Pac. 799].)

Appellant makes no contention that the claims for medical expenses and insurance carrier's charges were discharged through the agreement between the injurer and the injured employee.

It is ordered that the item of one thousand dollars be stricken from the judgment as well as the item for costs and that as so modified it be affirmed and that appellant be allowed costs on appeal.

Works, P. J., and Archbald, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 13, 1933.