[Civ. No. 7316. First Appellate District, Division One.—March 19, 1934.]

EMORY S. POLK, Plaintiff; LONDON GUARANTEE & ACCIDENT CO., INC., Intervener and Appellant, v. GARCIA & MAGGINI CO. (a Corporation) et al., Respondents.

Hadsell, Sweet & Ingalls for Appellant.

Heller, Ehrman, White & McAuliffe for Respondents.

KNIGHT, J.—The intervening plaintiff, London Guarantee & Accident Co., Inc., appeals from a judgment of nonsuit. After the appeal was taken respondents were adjudged bankrupt, and the trustee in bankruptcy has declined to file a brief; therefore the appeal was submitted for decision on appellant's brief. Upon examining the same, however, it becomes apparent that the points urged therein are insufficient to justify a reversal of the judgment.

The action was brought by the plaintiff Polk, an employee of L. C. Dibert Company, a corporation, against the respondents to recover damages for personal injuries sustained by Polk while working on premises operated by respondents. Appellant was the insurance carrier for the Dibert Company and on account of Polk's injuries appellant expended under its policy of workmen's compensation insurance sums aggregating more than $4,000. Seeking reimbursement therefor, it commenced a separate action against respondents for such purpose (superior court No. 150,113), and subsequently appellant's attorneys were substituted as attorneys for plaintiff in the action brought by Polk (superior court No. 150,029). Thereafter the separate action brought by appellant (No. 150,113) was dismissed; and the action brought by Polk (No. 150,029) was set for trial on January 17, 1928. Shortly before the date of trial, however, the officers of respondents called upon and effected a settlement with Polk for $425. At that time Polk stated to said officers, so they testified, that he was "pretty sore" at the insurance carrier, that his finances were low and he wanted to go east that night and was going. In consummation of such settlement Polk executed a written release, reading as follows:

"San Francisco, California. January 12, 1928.

"In consideration of the sum of four hundred twenty-five dollars ($425.00) and for further good and valuable consideration, the undersigned hereby forever releases Garcia Maggini & Company from all claims or demands which he may now or in the future have against them and particularly such demands or claims as may arise out of injuries alleged to have been suffered by the undersigned on the 14th day of September, 1923, while working upon said company's premises at 128 King Street, San Francisco, California. This is intended as a full release by the undersigned to said Garcia Maggini & Company with respect to all claims arising out of said alleged accident and all litigation pertaining thereto.

"(Signed)   EMORY S. POLK.
"Witness—T. S. DOWNEY.
"M. A. WALSH."

Upon learning of the settlement and of Polk's departure from the state, appellant filed a complaint in intervention in the present action, setting up, among other things, the payment made to Polk and the execution of the release by him. When the action came on for trial appellant's attorneys, who, as stated, appeared also for Polk, announced that no evidence would be offered on behalf of Polk; and they proceeded then to prove in support of their complaint in intervention only the payment to Polk by respondents, the execution of the release by Polk, the circumstances under which it was executed, and the amount expended by appellant pursuant to its policy of industrial insurance. Thereupon they rested their case. Respondents then moved for and were granted a nonsuit.

Manifestly, in no case, in the absence of an admission in the pleadings, can a defendant be held liable to respond in damages for an accident where the plaintiff seeking such damages, regardless of the nature of his interest, fails to offer any evidence whatever to establish against the defendant a *prima facie* case of negligence. And appellant concedes that inasmuch as it declined to introduce any evidence whatever on the part of the plaintiff Polk, "It was the duty of the trial court to grant a nonsuit as to Polk at the very outset of the case". But it is contended that as to appellant's claim, "by paying Polk,

respondent admitted negligence, and therefore, under the law, became liable to pay appellant the amount of compensation expended''. The authorities cited and relied upon by appellant fall far short of supporting the contention it makes in this behalf. On the contrary, as held in *Rich* v. *Edison Electric Co.*, 18 Cal. App. 354 [123 Pac. 230], the mere settlement of a claim for damages on account of personal injuries does not in itself establish liability for the accident out of which the injuries arose. In so holding the court in that case goes on to say: "It may be, and often is, the case that actions of this character are settled and dismissed where no liability exists, other considerations entering into the transaction"; and consequently, as there held, if it be claimed that the negligence of the defendant occasioned the injury, it must be so established before damages may be awarded therefor. Nor is there any language used in the written release signed by Polk which can be construed as an admission of negligence or an assumption of liability for the accident.

Appellant urges also that respondents' action in settling with Polk "amounted to a fraud upon the court, of which the law will not permit respondent to take advantage". Obviously, however, in the absence of any evidence at all to establish a *prima facie* case of liability, the question of a fraudulent settlement becomes entirely unimportant.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.