[Civ. No. 18326.   Second Dist., Div. Two.   Apr. 11, 1951.]

ANITA CILIBRASI, Appellant, v. M. S. REITER et al., Respondents.

Theodore A. Epstein for Appellant.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Respondents.

MOORE, P. J.—Appellant while she was an employee of a tenant of respondents sued the latter for injuries received while using the rest room of the landlords. The answer in-

cluded a special plea that for $1,000 paid to the plaintiff she had compromised her claim and executed a full release of the defendants from all liability. Such plea having been established to the satisfaction of the trial court (Code Civ. Proc., § 597), judgment was entered against appellant, denying recovery.

On this appeal it is contended that by virtue of section 3859* of the Labor Code such release is void by reason of the fact that it was executed without the written consent of appellant's employer; that solely by virtue of the subrogation provisions of the Labor Code an employee is limited to one recovery and the employer may recover his damages where the employee was injured by the negligence of the third party. After she had settled her claim against respondents, appellant filed against her employer before the Industrial Accident Commission and an award was made against him and his insurance carrier. The employer received credit for the $1,000 paid by respondents.

May plaintiff now sue respondents on the identical claim for which they paid her $1,000 and took her total release? She cannot do so for two good reasons, namely, (1) she did not rescind her contract of release and (2) the statute which she asserts to be determinative of the nullity of the release is violative of constitutional provisions if interpreted as urged by appellant.

It is a familiar principle of adjective law that in the absence of the rescission of a contract of settlement of a claim for personal injuries accomplished according to law, and of a restoration of the consideration paid for the release of the claim the release of the tort feasor is a valid contract and prevents recovery on the disputed claim. (*Garcia v. California Truck Co.* 183 Cal. 767, 769 [192 P. 708] ; *State Comp. Ins. Fund* v. *Thackery,* 132 Cal.App. 10, 14 [22 P.2d 250].)

Compromises of claims are often made on the basis of buying peace and prove no more than that a dispute existed. (*Rich* v. *Edison Electric Co.,* 18 Cal.App. 354, 358 [123 P. 230] ; 15 C.J.S. 737, § 22.) But there is no principle known to the law whereby a claimant who has been dealt with fairly may ignore her solemn covenants once made with her antago-

---

*Section 3859, Labor Code: No release or settlement of any claim under this chapter is valid without the written consent of both employer and employee. The consent of both the employer and employee filed in court in writing together with the approval of the court, is sufficient in any action or proceeding where such approval is required by law."

nists and recover again for the same injuries. Wherever such second recovery has been allowed it was upset on appeal. ■ Appellant's claim was extinguished by her contract of settlement as completely as if she had accepted the money in payment of a judgment for her injuries. To allow her recovery in this action would be contrary to both law and good morals. It would place a premium upon the dishonest practice of the employee who effects a settlement of his claim against a party other than his employer and then obtains an award from the Industrial Accident Commission, to be followed by a court action against the same third party on the identical account. (*San Bernardino County* v. *Industrial Acc. Com.*, 217 Cal. 618, 626 [20 P.2d 673].)

■ The law favors settlement of legal controversies. (*Armstrong* v. *Sacramento Valley R. Co.*, 179 Cal. 648, 650 [178 P. 516.) ■ If appellant was dissatisfied with her contract of settlement, and if she had been the victim of fraud or other overreaching by respondents, the courts were open for the enforcement of a rescission and to obtain such recovery as the law would warrant. ■ But it was not void by virtue of section 3859, Labor Code. To hold that the language of that statute means that such a settlement of a claim as was made by appellant is void would be to construe the statute contrary to the legislative intent. ■ When a statute is susceptible of two constructions, it is the duty of a court to give it such interpretation as will avoid confusion and absurdity and to adopt that which is consistent with sound reason and good morals. (*State Comp. Ins. Fund* v. *Thackery, supra.*) ■ By giving a rational interpretation to the section as a part of a far-reaching enactment designed not to deprive citizens of traditional rights vouchsafed by the federal and state Constitutions, but to enlarge the rights of industrial workers, the statute cannot be so interpreted as to render void a release contract executed by a workman in favor of the asserted tort feasor.

### THE SECTION IS VOID AS CONSTRUED BY APPELLANT

■ The statutes relating to workmen's compensation derive their validity from section 21, article XX of the Constitution. That section directs the Legislature to enact legislation which would create the employer's liability to make "adequate provisions for the comfort, health and safety and general welfare of any and all workmen and those dependent upon them for support to the extent of relieving from the

consequences of any injury or death incurred or sustained by workmen in the course of their employment," etc., regardless of the cause of the death or injury. Nothing in section 21 or in the act adopted pursuant thereto was intended to place restrictions upon an employed workman's enforcement of his claims against another who is not his employer. Section 21 was essential to the validity of the contemplated act. Without that section the Employer's Liability Act would have been invalidated by the doctrine of freedom of contract which is ingrained in all organic laws. Such act was adopted as the expression of this state's policy for preserving the manpower of the toiling masses and to minimize the losses resulting to them in industry. Insofar as any section of the Labor Code attempts to coerce an industrial employee or his dependent to desist from making contracts with others who are not his employers, it transcends the authority conferred by section 21 and is therefore void. By no rational interpretation can it be said that the liability of *one who is not the employer* to an employee of another is governed by the statutes enacted pursuant to section 21. (*Commercial Casualty Ins. Co.* v. *Industrial Accident Com.*, 211 Cal. 210, 217 [295 P. 11]; *Yosemite Lumber Co.* v. *Industrial Accident Com.*, 187 Cal. 774, 783 [204 P. 226, 20 A.L.R. 994]; *Pacific Gas & Electric Co.* v. *Industrial Accident Com.*, 180 Cal. 497, 503 [181 P. 788]; *Flickenger* v. *Industrial Accident Com.*, 181 Cal. 425, 433 [184 P. 851, 19 A.L.R. 1150].) Therefore, appellant's proposal that a contract between an industrial employee and a stranger to the employer is not a valid obligation finds no support in either the Workmen's Compensation Act or in the Labor Code, section 3201 et seq.

Merely because the *laissez faire* policies prevailing in the industrial world prior to the twentieth century were eliminated by the cited constitutional provision and the statutes, it must be borne in mind that claims of a workman against those who are not his employers are protected by the same constitutional guaranties that have always given security to the contracts of other classes of citizens. (Federal Const., 14th Amendment; Cal. Const., art. I, §§ 1 and 13; *In re Smith,* 193 Cal. 337, 339 [223 P. 971].) The only basis for the state's limitation upon a person's right of contract with respect to his property is the promotion of the public welfare. (11 Am.Jur. 1165.) To extend such restriction so as to hinder a toiler who in the course of his employment is in-

jured by a stranger to his employer from settling his claim against the tort feasor would be to deprive such workman of his traditional constitutional rights, while his companion who may never have been an employee would be wholly free to release the tort feasor. Thus, to interpret the Workmen's Compensation Act as contended by appellant would violate the equal protection clause of the 14th Amendment and would run counter to sections 11 and 21 of article I, and section 25 of article IV of the California Constitution which guarantee uniformity of all laws and abhor the granting of special privileges to a favored class. Also, such interpretation would violate the doctrine embalmed in numerous federal decisions which condemn discriminatory statutes (*Takahashi* v. *Fish & Game Commission*, 334 U. S. 410 [68 S.Ct. 1138, 92 L.Ed. 1478]; *Oyama* v. *State of California*, 332 U. S. 633 [68 S.Ct. 269, 92 L.Ed. 249]) and uphold the 14th Amendment as guaranteeing "equal protection of the laws" to all classes of citizens.

In *Johnson* v. *Goodyear Mining Co.*, 127 Cal. 4 [59 P. 304, 78 Am.St.Rep. 17, 47 L.R.A. 338], a statute undertook to give a lien to employees of a foreign corporation doing business in this state on all its properties without requiring an affidavit or bond or a description of the property to be levied upon, but granted such privilege to no other class of laborers who had to enforce their judgments by execution. Such statute was held void in that it denied equal protection of the laws. In *People* v. *Yosemite Lumber Co.*, 191 Cal. 267 [216 P. 39], a tax measure imposing tax for revenue was held void for the reason that it did not lay its burdens uniformly upon all those who came within a proper classification of those to be subjected to the burden of the tax. Inasmuch as appellant's interpretation of section 3859, Labor Code, attempts to deprive a workman employed by another than the tort feasor of the privilege of settling his controversy arising out of the injury caused to the employee in the course of his employment and does not place such limitation upon those who are not employed but suffer the same injury from the same cause, the section would be void as violative of the cited provisions of the federal and state Constitutions.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.