## ROSS v. AGUIRRE.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 19.   Argued October 14, 1903.—Decided November 2, 1903.

Under the decisions of the highest court of California, an act of legislature entitled "An Act to amend sections 204, 205, 206 and 208 of the Code of Civil Procedure" is not void as contrary to the provisions of the Constitution of the State providing that every act of the legislature shall embrace but one subject which shall be expressed in its title.

One convicted after indictment by a grand jury impaneled under the provisions of Code as so amended is not deprived of his liberty without due process of law in violation of the Fourteenth Amendment.

APPEAL from an order denying a writ of *habeas corpus.* The respondent is the warden of the state prison of the State of California at San Quentin, and holds the petitioner in custody under a judgment of the Superior Court of San Luis Obispo County, State of California, in which court he had been indicted, tried and found guilty of the crime of murder and sentenced to be hanged.

The petition under review is the second presented to the Circuit Court. The first was denied on the ground "that application for relief on behalf of said Burt Ross should first be made to the courts of the State." Thereupon a petition was presented to the Supreme Court of the State of California and denied. A writ of error from this court was also denied by the Chief Justice of the Supreme Court of the State. The ground of the petition is that the grand jury by which the indictment was found was not selected in accordance with law, and that therefore his conviction, sentence and commitment do not constitute due process of law, and that he is deprived of his liberty in violation of the Fourteenth Amendment of the Constitution of the United States.

*Mr. W. C. Van Fleet* and *Mr. W. B. Treadwell* for appellant.

*Mr. U. S. Webb* and *Mr. C. N. Post* for appellee.

Mr. Justice McKenna, after making the foregoing statement of facts, delivered the opinion of the court.

By the constitution of the State of California no person can be held for a crime unless on information, after examination and committment by a magistrate, or an indictment by a grand jury. Sec. 8, Constitution of 1879. By sections 204 to 211, inclusive, of the Code of Civil Procedure of the State, (prior to the amendments hereinafter stated,) it was made the duty of each of the Superior Courts of the State to fix by order, the number of grand jurors and trial jurors required for the transaction of business and the trial of causes during the ensuing year; and it was made the duty of the boards of supervisors of the counties, upon the making of said order, to select from the last preceding assessment roll a list of persons competent and suitable to serve as grand jurors, and also a list of persons to serve as trial jurors, and certify said lists, and place the same with the county clerk, who, upon receiving them, was required to file them in his office, "and write down the names contained thereon, on separate pieces of paper, of the same size and appearance, and fold each piece so as to conceal the name thereon," and "deposit the pieces of paper having on them the names of the persons selected to serve as grand jurors in a box to be called the 'grand jury box,' and those having on them the names of persons selected to serve as trial jurors in a box to be called the 'trial jury box.'" Grand jurors and trial jurors were required to be drawn respectively from these boxes, by lot, by the clerk in the presence and by order of the court. Sections 241 and 242, Code of Civil Procedure.

On March 3, 1893, the legislature passed an act entitled "An act to amend sections 204, 205, 206 and 208 of the Code

of Civil Procedure." Stats. Cal. 1893, p. 297. By this act it is provided that the Superior Court, after making the order stating the number of grand jurors which in its opinion would be required for the business of the court, "shall select and list the grand jurors required by said order to serve as grand jurors in said Superior Court during the ensuing year." It was left the duty of the board of supervisors to select a list of trial jurors. The grand jury which indicted the petitioner was selected under this act. Illegally selected, it is contended, because "it is the law of the State of California that an act with only such a title" is void under the constitution of the State, and therefore the sections of the Code of Civil Procedure, the substance of which we have given above, remained the law of the State. For this contention petitioner relies on *Lewis* v. *Dunne*, 134 California, 291.

The title of the act passed upon in that case is as follows: "An act to revise the Code of Civil Procedure of the State of California by amending certain sections, repealing others and adding certain new sections." The act was held void under that section of the constitution of the State which provides that "every act shall embrace but one subject, which subject shall be expressed in its title. . . . No law shall be revised or amended by reference to its title; but in such case the act revised or section amended shall be reënacted and published at length as revised or amended." The decision was rendered upon a petition for mandamus to a judge of the Superior Court of the city and county of San Francisco, but what action to command does not appear. The petitioner, however, contended that both the title and body of the act showed that the act was intended to be, and was, a revision of the code, and therefore invalid, because the law revised was not "reënacted and published at length as revised." The court said it could see no sufficient answer to the contention. That contention is not made in the case at bar. The act of 1893 reënacted and published at length the sections amended and is confined to their amendment. But the act passed upon

in *Lewis* v. *Dunne*, was also held void because its title did not express its subject—nor, indeed, any subject. "It is apparent," the court said, "that the language of the title of the act in question, in and of itself, expresses no subject whatever." The words "in and of itself" were used to distinguish an expression of the subject by "reference," and the reference, it was said, was really not to the title of any former act; it was merely to "the Code of Civil Procedure of the State of California." It was asked "Now, what is the Code of Civil Procedure? It is merely a name given to a large part of the general laws of the State. The part of the great body of our laws which is to be found under that name is not confined to any particular subject or subjects, but includes substantive law, criminal law and legislation that might be properly classed under any category whatever, as well as 'civil procedure.'" The reference, therefore, was not to one subject but to many, and the revising act dealt, the court said, "with a vast variety of subjects," many of which were "totally distinct from each other;" and many of them had "no relation to civil procedure, while others were partly procedure and partly substantive law —declaration as to personal and property rights." These observations are certainly not applicable to the act of 1893. That amends sections 204, 205, 206 and 208 by designating them, and reënacts and publishes them at length. It has but one purpose and contains but one subject. It amends particular sections; it does not revise a whole code.

In *People* v. *Parvin*, 74 California, 549, an act was considered with the following title: "An act to amend section 3481 of the Political Code." The case was not unqualifiedly approved in *Lewis* v. *Dunne.* It was not, however, overruled, and it seems to be an irresistible conclusion from the action of the Supreme Court of the State in denying the application of petitioner, that the act of 1893 was not ruled by *Lewis* v. *Dunne* and was not void under the constitution of the State. We accept the conclusion. It has support, if it need any, in *In re Beach,* v. *Von Delten, Auditor of San Joaquin County,* 139 California,

462, decided by the Supreme Court of California, June 26, 1903, where it was held (we quote from the syllabus) that "the title of an amendatory act which gives the title of the original act in full and the number of the section in its amended form is sufficient." *People* v. *Parvin, supra,* was cited, and it was observed that that case was discussed in *Lewis* v. *Dunne,* "and distinguished but not overruled." And it was also observed that the *Parvin* case had been approved in *Francais* v. *Somps,* 92 California, 503.

*Order affirmed. Mandate forthwith.*