STATE OF NEW JERSEY, BY LEWIS T. BRYANT, COMMISSIONER OF LABOR, APPELLANT, v. JAMES O. LINDSAY ET AL., RESPONDENTS.

Argued March 11, 1921—Decided June 20, 1921.

On appeal from the Supreme Court, whose opinion is reported in 94 *N. J. L.* 357.

For the appellant, *Thomas F. McCran.*

For the respondents, *Lindabury, Depue & Faulks.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in the Supreme Court.

KALISCH, J. (dissenting).    The statute, chapter 203 (*Pamph. L.* 1918, *p.* 742), as amended by chapter 101 of the laws of 1919 (*Pamph. L., p.* 249), denounced by the Supreme Court as unconstitutional is entitled "An act providing for a payment to the state by an employer operating under section 2 of an act entitled 'An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder,' ap-

proved April fourth, one thousand nine hundred and eleven, upon the death without dependents of an employe as a result of an injury received in the course of his employment, approved March 4th, 1918."

The statute, in substance, provides that every employer of labor, who has accepted by agreement with his employe, either express or implied, the provisions of section 2 of chapter 95 of the session laws of 1911, shall upon the death of any such employe from an accident arising out of and in the course of his employment, without leaving any dependents entitled to take under the provisions of the Workmen's Compensation act, and where dependents, if there had been any, would have been entitled to compensation, pay to the commissioner of labor the sum of $400, which sum shall be paid into the state treasury, to be disbursed by the state treasurer upon warrant of the state comptroller, at the requisition of the commissioner of labor to be exclusively appropriated by him for the purposes mentioned in the act of 1918, chapter 149, page 429, which is entitled "A supplement to an act entitled 'An act prescribing the liability of an employer to make compensation,'" &c. (reciting verbatim the title of the Workmen's Compensation act of 1911).

Turning to section 2 of the act of 1911, at pages 136 and 137, we find that paragraph 7 of the section provides that when an employer and employe shall by agreement, either express or implied, as thereinafter provided, accept the provisions of the section, compensation for personal injuries to or for the death of such employe by accident arising out of and in the course of his employment shall be made by the employer * * * according to the schedule contained in paragraph 11.

And by paragraph 8 of the same section it is provided that such agreement shall be a surrender by the employer and employe of their rights to any other method, form or amount of compensation and shall bind the employe himself, and for compensation for his death shall bind his personal representative, his widow and next of kin, as well as the employer

and those conducting his business during bankruptcy or insolvency.

By paragraphs 9 and 10 it is left to the election of either employer or employe whether the contract of hiring shall be under section 2, and if the contract is made under that section, a method is provided by which the contractual relation existing between the parties may be dissolved.

Paragraph 12, on page 139, provides that in case of death where there are no dependents the compensation to be paid by the employer shall be limited to paying the expenses of last sickness and burial not exceeding $200, which sum was reduced to $100 by the statute of 1913. *Pamph. L., p.* 306.

The design of referring to the above legislative enactments is to demonstrate, if that has become necessary, that the basis of the compensation provided for by them is the contract of the parties. That their application rests solely upon the mutual consent of employer and employe. This is the firmly-settled law of this state, as appears by the decisions of our courts. *Sexton* v. *Newark District Tel. Co.,* 84 *N. J. L.* 85; *affirmed,* 86 *Id.* 701; *Troth* v. *Millville Bottle Works, Id.* 558; *West Jersey Trust Co.* v. *R. & R. R. Co.,* 88 *Id.* 102; *Troth* v. *Millville Bottle Works,* 89 *Id.* 219. There are numerous other cases to the same effect but it will serve no special purpose to cite them.

Now, it is apparent from the title and body of the act of 1918, chapter 203, that the legislative intent was to amend that section of the elective schedule of compensation of the Workmen's Compensation act of 1911 which limited the employer's liability to pay expenses of last sickness and burial not exceeding $200, by adding that the employer shall pay to the commissioner of labor the sum of $400, which sum shall be paid by him to the state treasurer.

It is to be observed that this paragraph of the elective schedule of compensation had been amended in 1913, limiting the liability of the employer to expenses of last sickness and burial not exceeding $100, which fact appears to have been overlooked when the act of 1918 was passed, and, therefore, it is manifest that one of the legislative purposes of the statute

of 1919 was to correct the error, which appears to have been accomplished by the last clause of the amendment, on page 250, which reads: "Nothing in this section contained shall relieve the employer from any payments which he is required to make under chapter ninety-five of the session laws of one thousand nine hundred and eleven, *or any act amendatory thereof or supplemental thereto.*"

I find myself unable to agree with the view of the Supreme Court that "the act does not pretend to be either a supplement or an amendment of the Workmen's Compensation act;" that "it is separate and distinct," consequently, it cannot be supported upon the theory of a contract between employer and employe conclusively presumed because of the absence of dissent, pursuant to the statutory procedure outlined in the Compensation act."

While it is true that the title of either act does not contain the words "a supplement" or "an amendment." nevertheless, a reading of the titles, as well as of the context of the acts, discloses that chapter 203 of the act of 1918 is a supplement to the Workmen's Compensation act; and that chapter 101 of the act of 1919 is an amendment of chapter 203.

It does not seem to me to be of vital importance that a legislative act shall be expressly designated in words "a supplement" or as "an amendment," in its title in order to be such in legal effect, so long as it appears, as it does here, from the plain reading of the title and context, that the act is a supplement or an amendment.

Both title and context of chapter 203 refer to the Workmen's Compensation act of 1911 and make it plain that it is a supplement thereto. And the same is equally true of chapter 101 of the laws of 1919, page 249, which amends in express terms chapter 203. For, after referring in section 1 to chapter 203, as it originally stood and as amended, to the elective schedule of compensation of the Workmen's Compensation act of 1911, and to the provision therein as to an employe who dies without leaving any dependent, and to chapter 149 of the laws of 1918, page 429, which creates a Workmen's Compensation Bureau, entitled "A supplement to an act en-

titled 'An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule for compensation and regulating proceedings,' " &c., approved April 4th, 1911, it makes this express provision: "Nothing in this section contained shall apply to any employer who shall not have accepted by agreement, either express or implied, the provisions of section two of chapter ninety-five of the session laws of one thousand nine hundred and eleven, as therein provided, and the acceptance of said section two, or the continuance thereunder after the taking effect of this act, shall be deemed an acceptance of all of the provisions of this section."

How any language could have been more lucid and explicit than that adopted by the legislature in chapter 203, that its provisions shall apply solely to a situation where the statutory contract between employer and employe, under section 2 of the Workmen's Compensation act of 1911, was in force, cannot well be conceived. As has already been pointed out, either party is left at liberty to accept the provisions of section 2 or dissent therefrom. Its provisions are not compulsory on either employer or employe.

Apart from the views expressed herein that the statute, denounced by the Supreme Court as unconstitutional, is in legal effect a supplement to the Workmen's Compensation act of 1911, I think that even though it were not a supplement or an amendment but was in the language of the opinion of the Supreme Court "separate and distinct" that that fact is wholly unimportant for the plain reason that it is elementary principle of statutory interpretation and construction that statutes *in pari materia* should be construed together, and that such a construction be adopted which will without contravening any constitutional right or defeating any legislative intent make it possible for the whole to stand.

This benign and salutary doctrine of statutory interpretation and construction universally recognized wherever the law prevails was clearly ignored by the Supreme Court even upon its own theory that chapter 203 was "distinct and sepa-

rate" legislation, by erroneously isolating chapter 203 from prior legislative acts dealing with the same subject matter.

This is made manifest by the fact that the court below having taken the position that the validity of the provisions of chapter 203 must stand or fall by their own inherent vitality (which seems to me obviously untenable) without regard to prior legislation dealing with the same subject matter, proceeds to declare as a logical sequence the following: "Consequently, it (referring to chapter 203) cannot be supported upon the theory of a contract between employer and employe conclusively presumed because of the absence of dissent pursuant to the statutory procedure outlined in the compensation act."

But as has been before stated chapter 203 refers to the provisions of section 2 of the compensation act of 1911 which governs the contractual relation between employer and employe and practically adopts those provisions and leaves them intact and the only change wrought is in the elective schedule of compensation in the case of a deceased employe under section 2 of the compensation act, leaving no dependents, in addition to the expenses of last sickness and burial not to exceed $100, the employer shall pay $400 to the commissioner of labor who in turn shall pay it to the state treasurer, and which sum shall be exclusively for the use of the Workmen's Compensation Bureau.

Thus we have the application to the act limited expressly to where the contract of employment is under section 2 of the compensation act of 1911.

The Supreme Court clearly intimates that the provision to pay $400, &c., could only be supported upon the theory of a contract between employer and employe conclusively presumed because of the absence of dissent pursuant to the statutory procedure outlined in the compensation act.

I agree to that, if by the phrase "pursuant to the statutory procedure outlined in the compensation act" it includes chapter 149 of the laws of 1918, creating the Workmen's Compensation Bureau, which is a supplement to the compensa-

tion act of 1911 and other acts dealing with the same subject matter.

I think chapter 203 can be clearly supported upon the theory of a contract between an employer and employe conclusively presumed, as outlined, by the compensation act of 1911 and the supplements thereto and amendments thereof.

There is nothing in the federal or state constitution which forbids an employer and employe from entering into any kind of a contract that they see fit, so long as the agreement is not in violation of some express constitutional provision or statute or is not against public policy.

The court below entertained the view that chapter 203 contravenes the fourteenth amendment to the federal constitution, upon the theory that it imposes a tax on a class that is on all employers who employ workmen having no dependents, who would be entitled to compensation in case of fatal accident. The opinion proceeds to state, "Such a tax has manifestly no relation to the police power; it is plainly not a property tax and when we consider that it is restricted not merely to employers generally who have in their employ workmen with no dependents entitled to claim, but employers of that character who are within section 2 of the compensation act, we reach a tenuity of classification that seems to deprive it of any logical validity and of all substantial basis."

It is unwarranted both in a legal and popular sense, of what is universally held to be a tax, to term the impugned provision of the statute a tax. While a tax is a contribution imposed by government on individuals for the service of the state, regardless of the fact whether or not the individual consents to the imposition thereof, the situation presented here by the statute under review, that the contribution of $400 by the employer to the state for the benefit of the Workmen's Bureau of Compensation, is made wholly dependent upon the consent of both employer and employe.

To my mind the requirement of chapter 203, to pay $400 to the state in addition to the expenses of the last sickness and burial, assailed as unconstitutional, is no different intrinsically than is the requirement of the Workmen's Compen-

sation act of 1911, which imposes upon the employer, whose agreement with his employe comes under the control of section 2 of that act, namely, to pay the expenses of the last sickness and burial not exceeding $100 of an employe who dies, leaving no dependents. It is scarcely necessary to remind the judges that at common law an employer was liable to his employe for damages when the injuries sustained by the employe resulted from negligence of the employer to which negligence the employe did not contribute, and if the employe died before judgment the employer went scot free of liability to respond in damages. To meet this defect of the common law the legislature passed remedial statutes, by which, in such a case, the right of action to recover for the injuries sustained by the employe up to the time of his death was made to survive to the personal representatives of the deceased. But this still left a situation that where a person died from his injuries without lingering, no right of action survived. This remaining defect was remedied by the Death act of 1848, which gave a right of action by the personal representatives for the benefit of the widow and next of kin to recover the pecuniary injury sustained by them. This court, in *Consolidated Traction Co.* v. *Hone,* 60 *N. J. L.* 444, held that funeral expenses were not recoverable under the act. But no one has doubted the power of the legislature, by proper legislation, to provide for such a recovery; nor has any one had the temerity to question the legal propriety of the legislation providing for the payment of medical and burial expenses in the act of 1911, *supra.*

It is no more a tax upon the employer to require him to pay $400 to the state than it is to require him to pay the medical and funeral expenses of the employe. Both requirements rest upon the same basis—the statutory contract between the parties.

The Supreme Court says, *arguendo,* "when we consider that it (the requirement to pay $400, &c.,) is restricted not merely to employers generally who have in their employ workmen with no dependents entitled to claim, but employers of that character who are within section 2 of the compensa-

tion act, we reach a tenuity of classification that seems to us to deprive the class of any logical validity and of all substantial basis."

·This declaration appears to me to be both unsound and illogical.

The statute in express terms applies to all employers of labor, but its operation is restricted only to those employers who have in their service employes who have no dependents and with whom the statutory contract exists and is in force under section 2 of the compensation act. It is, therefore, incomprehensible to me how it can fairly be said that the statute *sub judice* establishes a classification which deprives it of all substantial basis, when we stop for a moment 'to consider that the basis of classification is the very same basis of classification of the compensation act of 1911.

That act in clear and express terms applies to all employes of labor but in plain terms restricts the liability of the employer, where the employment is under section 1 of the act to that which exists at common law, and where the employment is under section 2 of the act restricts the liability of the employer to the conditions expressed in the section with its elective schedule of compensation. The extent of the liability of an employer as to the payments to be made is further based upon a classification of employes, *e. g.,* those who have actual dependents, those who have dependents and those who have no dependents. This court has repeatedly and consistently sustained the constitutionality of the compensation act in all its phases.

To adopt the theory of the Supreme Court is to take a step backward and subvert the foundation upon which the compensation act rests.

This becomes obvious in the light of the fact that the Supreme Court of the United States, in *Erie Railway Co. v. Winfield,* 244 *U. S.* 170, 174; 61 *Law Ed.* 1057, decided that the second section of the Workmen's Compensation act was ·not applicable, by reason of the Federal Employers' Liability act, to an employment in interstate commerce; thereby excluding a class of employers and employes from the

operation of our state statute, which exclusion, if the reasoning of the court below is sound, tends to make the classification of the second section of that statute tenuous, and hence renders the legislation invalid.

No further comment seems to me to be necessary.

The Supreme Court seems to have had the notion that a test as to the validity of the act under discussion was the provision therein that the $400 shall be paid to the state toward the upkeep of the Workmen's Bureau of Compensation exclusively. What constitutional provision is violated thereby has not been pointed out. The bureau is an agency of the state and there is nothing in the constitution which forbids the legislature from directing that money received from certain sources shall be applied for the maintenance of public institutions. A reference to our session laws will show that this has been not only a common practice but a beneficial one to the public welfare. And so if it were necessary the statute condemned by the court below could be sustained by virtue of the police power. But that is not necessary. The fundamental question underlying the validity of the statute seems to be whether the legislature had the power to sanction the making of a contract between employer and employe, whereby in the event of the employe dying without dependents, the state should be a beneficiary to the extent of $400 to be paid by the employer. There being no constitutional inhibition in the way I do not think it to be of any material consequence to what particular agency of the state the money was to be appropriated, so long as it was for the benefit of the state. The fact that it was to be appropriated to the support of a particular state agency does not detract from its character of being a benefit to the state and hence, for the welfare of its citizens. The statement in the opinion below that it is taking the property of this class of employers without compensation is purely chimerical. Under the conceded facts of this case the employment was under the second section of the Workmen's Compensation act and, therefore, there was a contract between employer and an employe who had no dependents that in case of his death arising

·out of and in the course of his employment, the employer would pay to the state the sum of $400. The employer consented to this and it is no hardship to hold him to his bargain.

The states which have a similar act to the one under discussion are California, Idaho, Massachusetts, Minnesota, New York· and Utah. The New York statute was attacked and upheld in *Edsall* v. *Edsall,* 179 *App. Div.* (Supreme Court) 481.

For the reasons I have stated, I vote to reverse.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 8.

*For reversal* — MINTURN, KALISCH, BLACK, JJ. 3.