### TERRITORY OF ALASKA v. ALASKA JUNEAU GOLD MINING CO.

#### No. 9027.

Circuit Court of Appeals, Ninth Circuit.

July 29, 1939.

DENMAN, Circuit Judge, dissenting.

James S. Truitt, Atty. Gen., Territory of Hawaii, for the Territory of Alaska.

J. A. Hellenthal, of Juneau, Alaska, for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Concerning this and five similar cases, appellant, the Territory of Alaska, plaintiff

842

below, and appellee, Alaska Juneau Gold Mining Company, a West Virginia corporation, defendant below, have stipulated as follows:

"[Each] of the * * * cases presents the same question for review on appeal, to-wit: a question of whether the Territorial Act upon which this action was based is constitutional and valid in all respects. This question arises in each case in exactly the same way, and it is not intended by the plaintiff to raise any other or further question upon this appeal. The question arose in the trial court in the following manner: The plaintiff brought an action under the provisions of Section 2161 Compiled Laws of Alaska 1933, as amended by Chapter 84, Session Laws of Alaska 1935. The defendant filed an answer challenging the validity and constitutionality of said action in so far as it applied to the cause before the court, for the reason stated in the answer, among other things. Thereupon the plaintiff filed a demurrer to said answer, and this demurrer, being overruled by the court and the plaintiff having elected to stand thereon, judgment was entered against the plaintiff and in favor of the defendant. To the ruling of the court in overruling the demurrer above stated, the plaintiff took an exception which is assigned as error and forms the basis of the appeal."

Section 2161, Compiled Laws of Alaska 1933, was originally § 1 of c. 25, Session Laws of Alaska 1929, which became and is now Article 4 (§§ 2161–2203) of chapter 41, Title 2, Compiled Laws of Alaska 1933. Chapter 25 and Article 4 were and are, each of them, known as the Workmen's Compensation Act of Alaska. Prior to March 14, 1935, § 2161 provided as follows:

"Any person, or persons, partnership, joint stock company, association or corporation employing five or more employees in connection with any business, occupation, work, employment, or industry carried on in this Territory, [with inapplicable exceptions], shall be liable to pay compensation, in accordance with the schedule herein adopted, to each of his, her, their or its employees who receives a personal injury by accident arising out of and in the course of his or her employment or to the beneficiaries named herein, as the same are hereinafter designated and defined in all cases where the employee shall be so in-jured and such injuries shall result in his or her death. * * *

"The compensation to which such employee so injured, or, in case of his or her death, if death results from such injury, such beneficiaries, shall be entitled, and for which such employer shall be legally liable, shall be as follows:

"(1) In the event of the death of any such employee resulting from such injury, where such employee at the time of his death was married, his widow shall be entitled to receive the sum of four thousand five hundred dollars.

"(2) In those cases where such married employee had children under the age of sixteen years at the time of his death, his widow shall be entitled to receive in addition to the sum above specified, the sum of nine hundred dollars for each child under the age of sixteen years, or child wholly dependent upon his or her parents for support by reason of mental or physical incompetency, or unborn or posthumous child, which such employee left at the time of his decease, but not to exceed in all the sum of nine thousand dollars.

"(3) In those cases where such employee left either father or mother or both, dependent upon him for support at the time of his death, the sum of nine hundred dollars each, shall be paid to such father or mother or both, in addition to the sum provided for and made payable to the widow. In no case, however, is the total sum to be paid hereunder to exceed the sum of nine thousand dollars and the payments to which the widow and children may be entitled shall be first paid out of said sum of nine thousand dollars.

"(4) In those cases where such deceased employee was unmarried at the time of his or her death survived by either his or her father or mother, who was at the time of his or her death dependent upon him or her for support, such father or mother shall be paid the sum of one thousand eight hundred dollars.

"(5) Where such deceased employee was unmarried and was survived by his or her father and mother both dependent upon him or her for support at the time of his or her death, such father and mother dependent upon him or her for support, shall be paid the sum of one thousand eight hundred dollars [each].[1]

"(6) In those cases where such deceased employee was a widower at the time of his

---

[1] Session Laws of Alaska 1929, c. 25, § 1(5).

death, but left one or more minor orphan children, there shall be paid the sum of four thousand five hundred dollars and the further sum of nine hundred dollars for each orphan child under the age of sixteen years, provided the total amount paid shall not exceed nine thousand dollars. * * *

"(7) Provided, however, that if such beneficiary or beneficiaries as described in subdivisions 1 to 6, inclusive, immediately preceding this subdivision be neither resident nor a citizen of the United States of America, then the amount due and payable to such beneficiary or beneficiaries shall be in amounts as follows:

"(a) As to all beneficiaries, except a wife or minor children, fifty per centum of the sums set forth in subdivisions 1 to 6, preceding.

"(b)' As to a wife or minor children, sixty per centum of the sums set forth in subdivisions 1 to 6 immediately preceding.

"Such amounts shall be in full settlement of all claims under this article.

"(8) In those cases where such deceased employee was, at the time of his or her death unmarried, and leaves no children nor father nor mother dependent upon him or her as above specified, the employer shall be required to pay the funeral expenses of the deceased not to exceed the sum of one hundred ninety-five dollars, and such other expenses, if any, arising after the injury and before the death, not to exceed the further sum of one hundred ninety-five dollars."

Other paragraphs of subdivision (8) of § 2161 prescribed the compensation to be paid to injured employees in cases where such injuries did not result in death. These paragraphs are not here involved and are, therefore, not quoted.

By an Act of the Territorial Legislature (Session Laws of Alaska 1935, c. 84, §§ 1-4) approved March 14, 1935, subdivisions (4), (5) and (7) and the first paragraph of subdivision (8) of § 2161 were amended to read as follows:

"(4) In those cases where such deceased employee was unmarried at the time of his or her death survived by either his or her father or mother, such father or mother shall be paid the sum of One Thousand Eight Hundred Dollars ($1,800.-00); and in addition thereto, the employer shall be required to pay the funeral expenses, if any, arising after the injury and before the death, not to exceed One Hun-

dred Ninety-Five Dollars ($195.00) and in addition thereto shall pay the Territory the sum of Two Thousand Two Hundred Dollars ($2,200.00)', and such amount shall be credited to the current appropriation for allowance to aged residents.

"(5) Where such deceased employee was unmarried and was survived by his or her father and mother such father and mother shall be paid the sum of One Thousand Eight Hundred Dollars ($1,800.00) each and in addition thereto the employer shall be required to pay the funeral expenses, not to exceed the sum of One Hundred Ninety-five Dollars ($195.00) and such other expenses, if any, arising after the injury and before the death not to exceed One Hundred Ninety-five Dollars ($195.-00) and in addition thereto shall pay the Territory the sum of Four Hundred Dollars ($400.00), and such amount shall be credited to the current appropriation for allowance to aged residents."

"(7) Provided, however, that if such beneficiary or beneficiaries as described in subdivisions 1 to 6, inclusive, immediately preceding this subsection be neither resident nor a citizen of the United States of America, then the amount due and payable to such beneficiary or beneficiaries shall be in amounts as follows:

"(a) As to all beneficiaries, except a wife or minor children, fifty (50%) per centum of the sums set forth in subdivisions 1 to 6, immediately preceding, and fifty (50%) per centum shall be paid to the Territorial treasury, and such amount shall be credited to the current appropriation for allowance to aged residents.

"(b) As to a wife or minor children, sixty (60%)' per centum of the sums set forth in subdivisions 1 to 6 immediately preceding, and forty (40%) per centum to the Territorial treasury, and such amount shall be credited to the current appropriation for allowance to aged residents.

"(8) In those cases where such deceased employee was, at the time of his or her death unmarried, and leaves no children nor father nor mother, the employer shall be required to pay the funeral expenses of the deceased not to exceed the sum of One Hundred Ninety-five ($195.00) Dollars, and such other expenses, if any, arising after the injury and before the death, not to exceed the further sum of One Hundred Ninety-five Dollars ($195.00), and in addition thereto shall pay to the Territory the sum of Four Thousand Dollars ($4,000.00), to be covered into the

Territorial Treasury and credited to the current appropriation for allowance to aged residents."

Basing its claim on subdivision (8) of § 2161, as amended, appellant sought by this action to recover of appellee $4,000, with interest, for the death of Eugene Quackenbush, resulting from an accidental injury received by him while employed as a "bulldozer" in appellee's mine in Alaska, it being alleged and admitted that Quackenbush was at the time of his death unmarried, and that he left no children nor father nor mother. Appellee defended on the ground that section 2161, as amended, is invalid for several reasons. First, it was and is contended by appellee that the amending Act (chapter 84, Session Laws of Alaska 1935) embraces more than one subject and thus violates section 8 of the Organic Act of Alaska (Act of August 24, 1912, c. 387), 37 Stat. 514, 48 U.S.C.A. § 76, Compiled Laws of Alaska 1933, § 474, which, with respect to Territorial legislation, provides: " * * * No law shall embrace more than one subject, which shall be expressed in its title."

■ Chapter 84 does clearly embrace more than one subject. It embraces (1) the subject of compensation to be paid by employers to injured employees and their dependents and (2) the subject of exactions imposed on employers for the benefit of aged residents of Alaska. These subjects are distinct and unrelated. The aged residents for whose benefit the exactions are imposed need not be employees, nor former employees, nor dependents of employees, nor be in any way connected with or related to any employee, employer or employment in Alaska or elsewhere. Such exactions constitute a tax. Compare Yosemite Lumber Co. v. Industrial Accident Commission, 187 Cal. 774, 782, 204 P. 226, 230, 20 A.L.R. 994; Bryant v. Lindsay, 94 N.J.L. 357, 110 A. 823, affirmed, 96 N.J.L. 268, 114 A. 447. They cannot, with reason or propriety, be called "compensation."

■ It is further contended by appellee that one of the two subjects embraced in chapter 84—taxation of employers for the benefit of aged residents—is not expressed in its title or in the title of the Act (chapter 25, Session Laws of Alaska 1929) [2] which it amends. The point is well taken. Chapter 25 is entitled: "An Act Relating to the measure and recovery of com-

pensation of injured employees in all businesses, occupations, work, employments, and industries employing five or more employees in the Territory of Alaska, except domestic service, agriculture, dairying and the operation of railroads as common carriers, and relating to the compensation to designated beneficiaries where such injuries result in death, defining and regulating the liability of employers to their employees in connection with such business and industries and repealing Chapter 71, Session Laws of Alaska, 1915, Chapter 98, Session Laws of Alaska, 1923, Chapter 63, Session Laws of Alaska, 1925 and Chapter 77, Session Laws of Alaska, 1927, all relating to the same subject and repealing all Acts and parts of Acts in conflict with this Act, and declaring an emergency."

Chapter 84 is entitled: "An Act To amend Section 2161, 2162 and 2172, Compiled Laws of Alaska 1933,[3] relating to the payment of compensation to injured workmen, etc."

The subject of taxation of employers for the benefit of aged residents is not expressed in either title. It is not germane to the subject of chapter 25 or any section thereof. Therefore, it could not, consistently with section 8 of the Organic Act, be incorporated therein by amendment. United States v. Howell, 5 Alaska 578, 584; 25 R.C.L., Statutes, § 115, pp. 870–871; 59 C.J., Statutes, § 400, pp. 816–819.

We conclude that, insofar as it requires or purports to require any employer to pay appellant any sum of money for or on account of injury to or death of any employee, section 2161, Compiled Laws of Alaska 1933, as amended by chapter 84, Session Laws of Alaska 1935, violates section 8 of the Organic Act and is, therefore, invalid.

In view of the conclusion reached, other grounds on which appellee challenges the validity of section 2161, as amended, need not be considered.

Judgment affirmed.

DENMAN, Circuit Judge (dissenting).

I dissent. The majority's construction of the act and amendment seems a technical straining to strike down a beneficent legislative enactment instead of a performance of our obligation to find it valid if it may be so found by the use of both formal

[2] Compiled Laws of Alaska 1933, §§ 2161–2203.

[3] Session Laws of Alaska 1929, c. 25, §§ 1, 2, 12.

logic and a liberal interpretation of facts judicially noticeable. It is my impression that the majority's reasoning was outmoded a quarter of a century ago even in the states which had developed to the highest degree their overrefinement of technicality.

Briefly summarized, it is my opinion that, considered in the light of our obligation, the act and amendment do "not embrace more than a single subject". That subject is the compensation by employers for damage done by injuries to their employees sustained in the course of the latter's employment.

As usual in such legislation this single broad subject of compensation for injuries includes a classification of injuries causing and not causing death, of the persons to whom the compensation for the damage done is to be paid and what is to be done with the compensation when collected. Each of these provisions is germane to the single subject. If they are not, very large numbers of the regulatory laws of the states of this circuit are invalid.

The act as originally passed provided that, on the death of the employee in the course of his employment, the compensation was to be made by the employer to certain beneficiaries. An amendment added certain other persons and the territory to the previously named beneficiaries. The territory is to be compensated only if none of the others described in the section survived the decedent. The challenged amendment provides that, "(8) In those cases where such deceased employee was, at the time of his or her death unmarried, and leaves no children nor father nor mother, the employer shall be required to pay the funeral expenses of the deceased not to exceed the sum of One Hundred Ninety-five ($195.00) Dollars, and such other expenses, if any, arising after the injury and before the death, not to exceed the further sum of One Hundred Ninety-five Dollars ($195.00), and in addition thereto shall pay to the Territory the sum of Four Thousand Dollars ($4,000.00), to be covered into the Territorial Treasury and credited to the current appropriation for allowance to aged residents."

The Mining Company's challenge of the amendment, in effect, is based on the grounds (A) that the act as amended violates the Alaska Organic Act because it embraces more than one subject, a contention answered above, and because its title fails to state the subject of compensation to the territory for the loss to its society of one of its inhabitants; (B) that adding to the incidents of the status of employer and employee the incident of a required payment of compensation to the territory for such a loss to the community is a deprivation of the employer's property without due process of law in violation of the Fifth Amendment to the Constitution, U. S.C.A.; (C) that to prohibit the Mining Company from contracting to create the status of employer and employe, unless that status include such an obligation, is a deprivation of the right freely to contract in violation of the Fifth Amendment; (D) that if the compensation be deemed a tax on the employer, it is not a license tax on the occupation of an employer, but a property tax not on an ad valorem basis as required by the Organic Act; (E) that if it be an occupation tax, it is invalid because arbitrarily discriminatory as between employers having more and those having less than five employees. In my opinion none of these contentions is valid.

A. *The provision of the title to the original act that it is "An Act \* \* \* relating to the compensation of designated beneficiaries where such injuries [to employees] result in death," warrants an amendment adding the territory to the designation of beneficiaries.*

The title to the amendment reads: "An Act To amend Sections 2161, 2162 and 2172, Compiled Laws of Alaska 1933, relating to the payment of compensation to injured workmen, etc." Chapter 84 of the Session Laws of 1935. This is a sufficient title to amend the section. Ross v. Aguirre, 191 U.S. 60, 63, 24 S.Ct. 22, 48 L.Ed. 94.

The title to the original compensation act is: "An act relating to the Measure and Recovery of *compensation of injured employees* in all businesses, occupations, work, employment and industries employing five or more employees in the Territory of Alaska, except domestic service, agriculture, dairying and the operation of railroads as common carriers, and *relating to the compensation of designated beneficiaries where such injuries result in death,* defining and regulating the liability of employers to *their employees in connection with such business and industries,* \* \* \* repealing all acts and parts of acts in conflict with this act and declaring an emergency." (Emphasis supplied.)

Here are two separate groupings of persons to be compensated for industrial accidents. Accidents not causing death

cause compensation to the employee. Where death ensues other persons are entitled to be compensated.

Treating the amendment as a part of the original act, the portion of the title of that act which provides in general terms for "beneficiaries" to be compensated on the death of an employee, clearly warrants the amendment to include the territory as another designated beneficiary. Concerning a title provision in a State Constitution, identical with that of the territorial enabling act, the Supreme Court holds: "* * * As the state constitution has not indicated the decree of particularity necessary to express in its title the one object of an act, the courts should not embarrass legislation by technical interpretations based upon mere form or phraseology. The objections should be grave, and the conflict between the statute and the constitution palpable, before the judiciary should disregard a legislative enactment upon the sole ground that it embraced more than one object, or if but one object, that it was not sufficiently expressed by the title." Township of Montclair v. Ramsdell, 107 U.S. 147, 155, 2 S.Ct. 391, 397, 27 L.Ed. 431.

The principle was applied to the same provision of the Philippine Organic Act (48 U.S.C.A. § 1008). Posados v. Warner, Barnes & Co., 279 U.S. 340, 343, 344, 49 S. Ct. 333, 73 L.Ed. 729.

B. *It is not an irrational concept that the territory, as a body politic, composed of and the instrument of the human beings constituting its aggregate, has an interest in each of its members warranting compensation from an industry for the inevitable deaths of some of them from industrial accidents in the course of their employment.*

It was long since established with reference to a challenge of the constitutionality of state and federal legislation that, " 'It is but a decent respect due to the wisdom, the integrity and the patriotism of the legislative body, by which any law is passed, to presume in favor of its validity, until its violation of the constitution is proved beyond all reasonable doubt,' [Ogden v. Saunders, 12 Wheat. 213, 269, 270, 6 L.Ed. 606] and more recently stated in Mr. Justice Van Devanter's opinion in Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369, Ann.Cas. 1912C, 160: '* * * if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed.' " Edwards v. United States, 9 Cir., 91 F.2d 767, 779.

Recently the Supreme Court has stated the rule: "* * * Being a legislative judgment it is presumed to be supported by facts known to the Legislature unless facts judicially known or proved preclude that possibility. Hence, in reviewing the present determination, we examine the record, not to see whether the findings of the court below are supported by evidence, but to ascertain upon the whole record whether it is possible to say that the legislative choice is without rational basis. Standard Oil Co. v. Marysville, supra [279 U.S. 582, 584, 49 S.Ct. 430, 73 L.Ed. 856]; Borden's Farm Products Co. v. Ten Eyck, 297 U.S. 251, 263, 56 S.Ct. 453, 456, 80 L.Ed. 669; Id., D.C., 11 F.Supp. 599, 600. Not only does the record fail to exclude that possibility but it shows affirmatively that there is adequate support for the legislative judgment." South Carolina State Hwy. Dept. v. Barnwell Bros., 303 U.S. 177, 191, 192, 58 S.Ct. 510, 517, 82 L.Ed. 734.

Concerning this mandate to the courts to construe a legislative act as valid if supported by a concept of fact which is not irrational, this court has stated: "* * * Though its repetition may seem trite, it is an axiom of our judicial function that the acceptance of such conceivable congressional factual motivation is required of us, so far as it is humanly possible, with complete disregard of any doubt or conviction of its error from the viewpoint of our economic or political predilections." Edwards v. United States, supra, 91 F.2d page 779.

The rule is applicable to all legislative bodies, including those of municipal subdivisions of a state. City and County of San Francisco v. Market St. Ry., 9 Cir., 98 F.2d 628, 636, 637.

It is not for us to determine the wisdom of applying a certain concept of the value of the relation of the individual to the composite members of society, who deem the severance of one of their fellows by industrial death to be compensable. The sole criterion for us is, "Is the concept irrational?" If not irrational, we are not permitted to inquire whether the territorial legislature actually entertained it. It is sufficient to compel us to sustain the legislation if the legislature *could have* entertained it. In my opinion, it is not an irrational concept, so attributable to the Alaska legislature, that the territory has a

compensable interest in the individual human beings whose aggregate constitute its body politic. This seems the more obvious for Alaska with its efforts to populate its vast undeveloped territory.

The power of a territory or state to alter the status of employer and employee by adding to its incidents the obligation of the employer to make good to those injured the loss caused by death in industry, whether or not caused by the tort of the employer, has long since been established. In Alaska Packers Ass'n v. Industrial Acc. Comm., 294 U.S. 532, 541, 55 S.Ct. 518, 521, 79 L. Ed. 1044, it was held that, "the liability under Workmen's Compensation Acts is not for a tort. It is imposed as an incident of the employment relationship, as a cost to be borne by the business enterprise, rather than as an attempt to extend redress for the wrongful act of the employer."

Such compensation laws have been upheld where the compensation payable to the state has been for the benefit, not of the dependents of the deceased but for other workmen in industry or for the payment of the expense of administering the act. In upholding the Workmen's Compensation Law of New York (Consol.Laws, c. 67), requiring the insurance carrier of the employer—where there are no dependents of the deceased employee—to pay $500 into each of two funds of the State Treasurer, one to compensate other employees of the industry and one for their vocational training, the Supreme Court says of the employer's negligence in causing the death, "The wrong may also be regarded as one against the state itself, in depriving the state of the benefit of the life of one owing it allegiance. For this wrong the state might impose a penalty." Staten Island Rapid Transit Ry. v. Phœnix Co., 281 U.S. 98, 107, 50 S.Ct. 242, 243, 74 L.Ed. 726.

This court in two cases has considered this last statement of the industry's obligation to the state, and has applied its reasoning to the compensation from the employer, *without negligence,* required by the Federal Longshoreman's Act, 33 U.S.C.A. §§ 901, 908, 944. In one of these cases the compensation, where death was caused to the employed longshoreman having no dependents, the employer was required to pay to the Commissioner created by the Longshoreman's Act the sum of $1,000 for the vocational training and their support during such training, of other injured longshoremen. Pacific Employers Ins. Co. v. Pillsbury, 9 Cir., 88 F.2d 443, 445. The other concerned the 20 percent penalty for failure to make prompt payment of the compensation. Arrow Stevedore Co. v. Pillsbury, 9 Cir., 88 F.2d 446, 447.

The only difference between these compensation acts and Alaska's is that in the New York and Longshoreman's legislation the federal and state governments take from the employer the compensation for the loss of the workman and give it to other workmen in the industry, while in the Alaska Act the territory takes it and gives it to aged dependents, regardless of their relation to the industry.

In a Christian society organized as a democracy, whose founder and teacher of its ideals instructed its members to "love one another" and "to love thy neighbor as thyself", there is no irrationality in the concept that such a society as a whole sustains a loss in the death of one of its members. Our law compensates in money for the individual's loss of the affection, companionship and spiritual helpfulness of a parent or a child, apart from the economic contribution to the family of any of them. It is a sane concept that such a society as ours as a whole is entitled to a similar compensation from inevitable industrial death. This is in addition to the loss to society and, incidentally, to the territory's taxing resources, of the wealth-creating power of its workmen and to its defense in the loss of a soldier.

Since the territorial legislature, as the implement of such a society, may procure such a compensation to be paid into the treasury of the community, it is a matter of indifference that the social use to which it is put is for aged dependents other than those of the particular lethal industry.

(C) It is thus apparent that, since such compensation may be created as an added incident to the employer-employee status, its presence is no more a deprivation of the right freely to contract with the employee to enter into the relationship than was the addition of the incident of a ten-hour daily limit of the employment of women in industry. There also one of the justifications of the limit of the industry's freedom to contract was the injury to society as a whole of its excessive work, as affecting women in their service as the child bearers of the future generations of our democracy. Muller v. Oregon, 208 U. S. 412, 421, 28 S.Ct. 324, 52 L.Ed. 551, 13 Ann.Cas. 957.

(D and E) What has been said shows the money to be paid to the territory is just what the Act calls it—a "compensation". It is no more a tax, either on property or on the privilege of the occupation of the employer, than is the money paid to an injured workman. The state decisions [*] cited by the majority opinion, holding or treating similar legislation invalid as a tax, apart from possible points of distinction in the legislation there construed, neither consider the concept of society as a whole entitled to compensation for the loss of one of its members, nor apply the criterion that the Act must be held valid if any rational concept attributable to the legislature will support its validity.

The judgment should be reversed.

---

[*] Bryant v. Lindsay, 94 N.J.L. 357, 110 A. 823; Yosemite Lumber Co. v. Industrial Acc. Comm., 187 Cal. 774, 204 P. 226, 20 A.L.R. 994.