**TERRITORY OF ALASKA v. 188 CASES OF MIXED INTOXICATING LIQUORS et al.**
No. 5170.

District Court of Alaska. Fourth Division. Fairbanks.
July 21, 1944.

Henry Roden, Atty. Gen., and Frederick Paul, Asst. Atty. Gen., for plaintiff.

John E. Manders, of Anchorage, for defendant.

PRATT, District Judge.

The defendant, Magids Bros., has demurred to the complaint on the ground that the Territorial Liquor Law is invalid in so far as it attempts to make liquor shipped into Alaska to a person not having a license to sell the same, contraband and subject to forfeiture. Defendant bases its claim of invalidity on the theory that the act, to be valid, must provide for notice to claimants of the liquor and a trial on their claimed rights.

As said co-partnership is the only one of the defendants appearing herein, it will hereinafter be referred to as defendant.

The Fifth Amendment to the Federal Constitution forbids the taking of private property without due process of law. The constitution and laws of the United States, not locally inapplicable, are a part of the laws of the

Territory of Alaska (Sec. 463, Compiled Laws of Alaska 1933, hereinafter referred to merely as C.L.A.).

So much of the common law as is applicable and not inconsistent with the constitution of the United States or any law passed by Congress or the legislature of Alaska is in force in the Territory of Alaska (Sec. 3271, C.L.A.).

The Territorial Liquor Laws on this subject (Ch. 78, Session Laws of Alaska 1937) provide:

Section 5(7): "Any intoxicating liquors shipped into the Territory of Alaska other than to licensees hereunder shall be deemed contraband and subject to confiscation by the Territory and any intoxicating liquors so seized shall be sold under the orders of the District Court and the proceeds thereof deposited with the Territorial Treasurer."

Section 12. Penalties. "A violation of any of the provisions of this Act shall be deemed a misdemeanor, and upon conviction thereof shall be punished by imprisonment of not more than one year, or by a fine of not more than Five Hundred Dollars ($500.00), each violation to be considered a separate offense. Any intoxicating liquors shipped into the Territory, other than to licensees hereunder and contrary to the provisions of this Act, shall be deemed contraband, and subject to confiscation by the Territory, or any enforcement officer; and any intoxicating liquors so seized shall be sold under the order of the District Court, and the proceeds thereof deposited with the Territorial Treasurer."

Nowhere in the act is it made a crime to ship liquors into Alaska to persons other than to licensees and nowhere in the act is there any direct provision for notice to claimants of the liquor or trial of their claims.

██ The following rules, however, should be considered:

12 Corpus Juris, page 1229: "But a statute will not be held unconstitutional for failure expressly to provide for notice, if the requirement of notice may be fairly implied from a consideration of all its provisions, (n. 24) and ac-

cording to some authorities a requirement of notice is to be implied from the very fact that it is a constitutional requirement, irrespective of particular provisions in the statute under which the proceeding is had. (n. 25.) Under this view the statute is not unconstitutional unless it undertakes to dispense with notice. (n. 26.)"

To the same effect is 16 Corpus Juris Secundum, Constitutional Law, § 619, page 1255.

In Wadley Southern Railway Company v. Georgia, 235 U.S. 651, 35 S.Ct. 214, 59 L.Ed. 405, the Court held as set forth in Syllabus No. 3.

Syllabus No. 3: "Although the particular section which authorizes an order of a state railroad commission may not provide for a hearing, if the state court has construed that section as part of the law establishing the commission and which does require hearings, that section is not unconstitutional under the Fourteenth Amendment as denying an opportunity to be heard; and so held as to the Georgia Railroad Commission Law."

To the same general effect is Security Trust & Safety Vault Company v. City of Lexington, 203 U.S. 323, 27 S. Ct. 87, 51 L.Ed. 204, and Paulsen v. Portland, 149 U.S. 30, 13 S.Ct. 750, 37 L.Ed. 637.

In Smith v. State Board of Medical Examiners et al., 140 Iowa 66, 117 N.W. 1116, it was held that where the law authorized the Board to revoke a certificate to practice medicine for incompetency of the holder, it would be implied that he was entitled to notice and a hearing inasmuch as other parts of the law required the Board to hold regular meetings, give notice thereof, and discharge the duties required by law.

In Baltimore Belt R. Co. v. Baltzell et al., 75 Md. 94, 23 A. 74, where the statute as to a condemnation of a right of way by a railway provided for the summoning of twenty jurors to meet on the premises, each side to strike off four and try the question of compensation with the remaining

twelve, it was necessarily implied that notice to the owner and opportunity to be heard were to be given.

In Town of Falls Church et al. v. County Board of Arlington County et al., 166 Va. 192, 184 S.E. 459, it was held that an act providing for court proceeding to eliminate an area from corporate limits of town, extending in two counties, which provided for service of petition on board of supervisors of counties affected and notice by publication and for service of summons upon board of supervisors of county and mayor of town, held not unconstitutional as denying due process, although not expressly stating town might defend proceeding in its own name.

In Bioni et ux. v. Haselton, 99 Vt. 453, 134 A. 606, the statute did not specially provide for notice to the parents of a minor sought to be placed under guardianship. It was held that the act was not wanting in due process of law because it did not so provide but the statute would be interpreted to require notice to the parties affected as the common law required such notice to be given.

In Boeing Air Transport v. Farley, 64 App.D.C. 162, 75 F.2d 765, it was held that although Section 3950, Revised Statutes, 39 U.S.C.A. § 432, did not expressly provide for notice and hearing as conditions precedent to the annulment of a mail contract, the provisions for notice and hearing would be read into the statute by implication as otherwise it would clearly be unconstitutional. Certiorari denied, 294 U.S. 728, 55 S.Ct. 637, 79 L.Ed. 1258.

In People v. Grant, 1942, 52 Cal.App.2d 794, 127 P.2d 19, the statute provided that monies used in slot machines should be forfeited to the State and should be recovered on the filing of an information, whereupon the Clerk of Court should issue an attachment. It was held that by implication the section of the civil procedure statute requiring notice and other proceedings were adopted as otherwise the act would be unconstitutional. Column 2, page 22.

The above, it is believed, is the rule to be followed in this jurisdiction although there are authorities somewhat to the

contrary as followed and mentioned in the case of *People v. Broad*, 216 Cal. 1, 12 P.2d 941. It should be noted also that in the case of *People v. Broad* the Court by reason of the rule of "stare decisis" held that to constitute due process, the forfeiture statute itself must provide for notice.

Section 3807, C.L.A., provides that fines and forfeitures may be recovered in an action. Although this section is placed in the Code of Civil Procedure by the codifier, it appears in the original act of Congress, June 6, 1900, 31 Stat. 387, § 329, without such limitation and under the general title, 31 Stat. 321, "An Act Making further provision for a civil government for Alaska, and for other purposes." Said act of Congress contains a complete code for the civil government of Alaska and includes many things of a substantive rather than procedural nature. It makes extensive provisions for commencement of civil actions; notice to defendants; and trial of causes.

The Territorial Legislature was given power to legislate upon all rightful subjects (Sec. 475, C.L.A. 37. Stat. 514, 48 U.S.C.A. § 77, 78, 170), and was given specific authority to legislate as to intoxicating liquors by Act of Congress, 48 Stat. 583, 48 U.S.C.A. §§ 77, 292, 293; Sec. 92, C.L.A.

■ Consequently, the Territorial Liquor Act became a part of the laws of Alaska relating to a civil government and a liquor forfeiture action would be subject to notice and provisions for trial contained in the laws above mentioned.

The Territorial Law definitely declared liquor shipped into Alaska to persons not having licenses to sell to be contraband and subject to confiscation by the Territory. It then required the liquors to be sold under order of the District Court, thus giving that Court jurisdiction to make such an order. Such an order would necessarily come only after the other provisions of law as to notice and trial had been complied with. All of these provisions have been complied with in the present case.

If there were any doubt as to the last-mentioned statement being correct, the means of carrying the act into effect and the procedure would be conformable to the provisions of the Act of Congress, 31 Stat. 321, as provided therein by Section 723 on page 446 in the following words:

"When jurisdiction is by any. law of the United States conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specially pointed out by this code, any suitable process or mode or proceeding may be adopted which may appear most conformable to the spirit of this code."

The above section appears as section 3318, C.L.A., but the word "code" appearing in the section has been erroneously changed to the word "title" by the codifier. The codifier has also placed it in the Code of Civil Procedure, whereas in the original act it was not so limited.

The last-mentioned section, being a part of the Act of Congress approved May 6, 1900, and Alaska having been given a legislature in 1912, the above section would necessarily refer to any valid law passed by the Legislature of Alaska as well as by the United States.

Therefore, it is the opinion of the Court that the above-mentioned provisions of the Territorial Liquor Law are not invalid upon the ground of taking property without due process of law.

The defendant further urges that the above-mentioned Territorial Liquor Law is invalid as to the forfeiture of liquor involved in this case for the reason that the title to the act does not cover such a subject. The title is "An Act to provide for the manufacture and sale of intoxicating liquors in the Territory of Alaska."

Section 474, C.L.A., provides: "No law shall embrace more than one subject which shall be expressed in its title".

In Territory of Alaska v. Alaska Juneau Gold Mining Co., 9 Cir., 105 F.2d 841, 9 Alaska 557, the Court held as set forth in Syllabus No. 2.

Syllabus No. 2: "Where title recited that Alaskan act related to compensation for injured employees and beneficiaries in event of death, and title of amendment recited merely that provisions of Compiled Laws relating to 'payment of compensation to injured workmen, etc.' were amended, amendment was invalid to the extent that it purported to require payments to the Territory for the benefit of aged residents, since subject of such provision was unrelated to the subject of compensation to be paid to injured employees or dependents and was not expressed in either title."

In Benedicto, Treasurer, v. Porto Rican American Tobacco Co., 1 Cir., 256 F. 422, the Court held as set forth in the syllabus.

Syllabus: "Under the Organic Law of Porto Rico, Jones Act, § 34 (U.S. Comp.St.1918, § 3803n [48 U.S.C.A. § 827 et seq.]), inhibiting a bill containing more than one subject which shall be clearly expressed in the title, and providing that an act embracing a subject not expressed in the title shall be void as to such part, Act Porto Rico Dec. 3, 1917, entitled 'An Act to amend' Act March 11, 1915, 'entitled an act to protect Porto Rican cigars from misrepresentation,' by providing for inspection, and issuance of stamps of guaranty, is void as to section 3, which contrary to the title, intentionally converts what was simply an inspection law into an inspection law and a revenue law, by providing fees for guaranty stamps, which will yield large surplus revenues."

In General Petroleum Corporation of California v. Hobson et al., D.C.S.D.Cal., 23 F.2d 349, the Court held as set forth in Syllabus No. 3.

Syllabus No. 3: "St.Cal.1921, p. 404, relates, as appears from its title, to reservation of minerals in state lands, examination and the granting of permits and leases to prospect for and take such minerals, and the provision of section 13 (page 410) excluding the right of eminent domain to permittees to condemn right of way over private prop-

erty is void, as not embraced in the title of the act, as required by Const.Cal. art. 4, § 24."

In United States v. Howell et al., Fairbanks, 1916, 5 Alaska 578, the title to the eight-hour law passed in 1913 limited its application to lode mining claims. In 1915, an act entitled merely as an amendatory act of said act of 1913, but which made the 1913° act apply to underground placer mining, was held invalid as embracing more than one subject, one of which subjects was not expressed in the title.

The territorial act in question in this case provides that if intoxicating liquors are shipped into the Territory to persons who do not have a license to sell the same they are contraband. Thus, liquor shipped in by a person for his own use, if he had no license to sell the same, would be contraband. Clearly, the title of the act does not extend to any such situation but only to the manufacture and sales of liquor in Alaska.

The above-mentioned portion of the act would apply to liquors which had been sold in the States or anywhere else and is not limited to liquors sold in the Territory of Alaska, providing the liquors were eventually shipped into Alaska.

The complaint in this case alleges that at no time during the calendar year of 1944 did Thelma Gregor have a license of any sort under the Territorial Liquor Law. It further alleges that the defendant in 1944 shipped at Seattle, Washington, to "Thelma Gregor, Circle Bar, Fairbanks, Alaska," said 188 cases of intoxicating liquors and caused the Alaska Steamship Company to issue bills of lading in which said firm, Magids Bros., were the consignor, and Thelma Gregor aforesaid, consignee, and caused said bill of lading with sight draft attached for $6,917.89 to be delivered to the First National Bank, of Fairbanks, Alaska, and caused the liquors to be shipped to Fairbanks, Alaska, where they arrived and where they were seized by the territorial enforcement officer as contraband and taken from the possession of the carrier on the 20th of June, 1944.

The complaint does not allege that Thelma Gregor intended to sell the liquor.

The act does not make it illegal to possess such liquors unless the possession is with the intention to sell the same in Alaska.

Section 2959, C.L.A., subdivision 2 of Rule 4, provides that, pursuant to a contract to sell, where the seller delivers the goods to a carrier for transmission to the buyer, he is presumed to have unconditionally appropriated the goods to the contract except as provided for in section 2960, and it further provides that this presumption is applicable although the buyer is to pay the price before receiving delivery of the goods and the goods are marked with the words "collect on delivery" or their equivalents.

Section 2960, C.L.A. (3): "Where goods are shipped, and by the bill of lading the goods are deliverable to the order of the buyer or of his agent, but possession of the bill of lading is retained by the seller or his agent, the seller thereby reserves a right to the possession of the goods as against the buyer."

Section 780, C.L.A., provides that: "Where by the bill (of lading) the goods are deliverable to the buyer * * *, the consignor thereby transfers the property in the goods to the buyer."

Thus, the complaint when interpreted in the light of the law shows that Magids Bros. transferred title to the liquor to Thelma Gregor in Seattle, Washington, merely retaining a lien thereon for the payment of a certain sum of money.

The territorial act thus attempts to provide that a lien to secure $6,917.89 which was lawfully created in Seattle becomes of no value because the goods, when they enter Alaska, become contraband.

■ Although the act states that it is merely to provide for the manufacture and sale of intoxicating liquors, it provides for the possession of the same by a person who does not have a license to sell the same and who does not

intend to sell the same, and covers a subject which is foreign from the subject of the act.

It does not appear that the title of the act is broad enough to include the transaction mentioned in the complaint in this case and that, therefore, the act is invalid.

Wherever the word "complaint" is used herein it shall be deemed to refer to the amended complaint herein.

An order sustaining said demurrer should be entered.